### In re BANK OF AMERICA, N.A., Relator.

No. 07–0901.

Supreme Court of Texas.

Feb. 27, 2009.

Michael D. Conner, Eric Scott Lipper, Michael F. Hord, Jr., Hirsch & Westheimer, P.C., Houston, TX, for Relator.

Jay L. Gueck, Olson Nicoud & Gueck, L.L.P., Dallas, TX, for Real Party In Interest.

Reagan W. Simpson, King & Spalding LLP, Austin, TX, for Amicus Curiae.

PER CURIAM.

In this contract dispute, we decide whether our holding in *In re Prudential*—which held that a contractual waiver of a jury trial is enforceable—creates a presumption against waiver that places the burden on the party seeking enforcement to prove that the opposing party knowingly and voluntarily agreed to waive its constitutional right to a jury trial. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 130–33 (Tex.2004). On interlocutory appeal, the court of appeals applied such a presumption and reversed the trial court's enforcement order. 232 S.W.3d at 151–52. Today, we conditionally grant Bank of America's petition for writ of mandamus to clarify that *Prudential* does not impose a presumption against a contractual jury waiver.

Bank of America and Mikey's Houses executed a real estate contract and a two-page Bank of America Mortgage Addendum, which contains a jury-waiver provision. The addendum comprises twenty numbered and separately-spaced paragraphs, five of which contain bolded introductory phrases that appear to be hand-underlined. Both parties signed the contract and afterwards separately executed the addendum. One paragraph in the addendum states:

> 13. **Waiver of Trial by Jury.** Seller and buyer knowingly and conclusively *waive* all rights to *trial by jury*, in any action or proceeding relating to this Contract.

(emphasis in original). Mikey's Houses then sued Bank of America over the execution of the real estate contract, claiming breach of contract, breach of warranty, misrepresentation, fraud, negligence, and violations of the Deceptive Trade Practices Act. When Mikey's Houses made a jury demand, Bank of America moved to enforce the jury waiver. The trial court agreed that the waiver should be enforced and issued an enforcement order. Mikey's Houses then filed an interlocutory appeal pursuant to section 51.014 of the Civil Practices and Remedies Code, seeking to reverse the trial court's enforcement order. The court of appeals reversed, holding that Bank of America did not meet its burden of producing prima facie evidence that the representatives of Mikey's Houses knowingly and voluntarily waived their constitutional right to a jury trial. 232 S.W.3d at 147.

■ The court of appeals imposed this burden on Bank of America by inferring a presumption against contractual jury waiver from our holding in *Prudential*, where we cited to *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), to recognize that the right to a trial by jury is a constitutional right. 148 S.W.3d at 149–50. But the court of appeals' inference is erroneous for two reasons. First, a presumption against waiver would incorrectly place the initial burden of establishing a knowing and voluntary execution on Bank of America, which is inapposite to our burden-shifting rule as articulated in *In re General Electric*, 203 S.W.3d 314, 316 (Tex.2006) (per curiam) ("[A] conspicuous provision is prima facie evidence of a knowing and voluntary waiver and shifts the burden to the opposing party to rebut it."). Second, a presumption against waiver would create an unnecessary distinction between arbitration and

jury waiver clauses, even though we have expressed that our jurisprudence "should be the same for all similar dispute resolution agreements." *Prudential*, 148 S.W.3d at 134. For these reasons, we hold that the court of appeals abused its discretion in overturning the trial court's enforcement order.

As a general matter, the court of appeals misinterprets our decision in *Prudential* as imposing a presumption against contractual jury waivers. In *Prudential*, we held that contractual jury waivers do not violate public policy and are enforceable. 148 S.W.3d at 129–33. The court of appeals used our reasoning in *Prudential* to infer a initial presumption against the enforcement of a contractual jury waiver, holding that, "the Texas Supreme Court equated the Texas standard for a 'knowing and voluntary' prelitigation contractual jury waiver with the 'knowing and voluntary' standard utilized in criminal cases like *Brady* to assess the validity of a defendant's pretrial waiver of a jury trial via a guilty plea." 232 S.W.3d at 149. But we acknowledged *Brady's* "knowing and voluntary" standard not to impose a presumption against jury trial waiver, but to address the argument that parties may be inclined to use contractual waivers "to take unfair advantage of others, using bargaining position, sophistication, or other leverage to extract waivers from the reluctant or unwitting." *Prudential*, 148 S.W.3d at 132. *Prudential's* recognition of the *Brady* standard does not impose a burden on the enforcing party to produce evidence that a waiver was executed knowingly and voluntarily. Such a presumption would not only be contrary to the longstanding Texas contract principle that parties are free to enter into contracts without fear of retroactive nullification, *see Wood Motor Co. v. Nebel*, 150 Tex. 86, 238 S.W.2d 181, 185 (1951), but is also erroneous for the two reasons discussed below.

■ First, a presumption against contractual jury waivers wholly ignores the burden-shifting rule articulated in *General Electric*, where we held that "a conspicuous provision is prima facie evidence of a knowing and voluntary waiver and shifts the burden to the opposing party to rebut it." *Id.* We have always presumed that "a party who signs a contract knows its contents." *In re Bank One, N.A.*, 216 S.W.3d 825 (Tex.2007) (orig.proceeding) (quoting *Cantella & Co. v. Goodwin*, 924 S.W.2d 943, 944 (Tex.1996)). As long as there is a conspicuous waiver provision, Mikey's Houses is presumed to know what it is signing. *See Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex.1962). Here, the provision was sufficiently conspicuous to serve as prima facie evidence of a knowing and voluntary waiver. *See Gen. Elec.*, 203 S.W.3d at 316. Section 1.201(b)(10) of the Texas Business and Commerce Code provides that "[c]onspicuous ... means so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." In *Prudential*, we noted that the waiver provision was "crystal clear" because "it was not printed in small type or hidden in lengthy text" and "[t]he paragraph was captioned in bold type." 148 S.W.3d at 134. Notably, we disagreed with the opposing party in *Prudential* that the style of that waiver provision "could reasonably have diverted ... attention or misled them into thinking that the provision meant the opposite of what it clearly said." *Id.* In *General Electric*, we reviewed a waiver provision that stated: "THE MAKER HEREBY UNCONDITIONALLY WAIVES ITS RIGHTS TO A JURY TRIAL ..." and held that it was conspicuous because it was set apart from the rest of the text and printed in bold with all capital letters. 203 S.W.3d at 316.

In this case, the addendum is only two pages long, and each of the twenty provisions are set apart by one line and numbered individually. Five of the twenty provisions included bolded introductory captions similar to the waiver provision in *Prudential*, and the "Waiver of Trial By Jury" caption is one of the five. Furthermore, the introductory caption is hand-underlined, as is the word "waiver" and the words "trial by jury" within the provision. This bolded, underlined, and captioned waiver provision is no less conspicuous than those contractual waivers that we upheld in both *Prudential* and *General Electric*, and therefore serves as prima facie evidence that the representatives of Mikey's Houses knowingly and voluntarily waived their constitutional right to trial by jury.

■ "The general rule is that in the absence of a showing of fraud or imposition, a party's failure to read an instrument before signing it is not a ground for avoiding it." *Estes v. Republic Nat'l Bank of Dallas*, 462 S.W.2d 273, 276 (Tex.1970). This means that an allegation of fraud or imposition connected to the waiver would shift the burden to Bank of America to prove that the conspicuous waiver provision was executed knowingly and voluntarily. It necessarily follows, then, that when no fraud or imposition with regard to the waiver is alleged, a conspicuous waiver of trial by jury is presumed to be knowing and voluntary. *Prudential*, 148 S.W.3d at 134; *see also Estes*, 462 S.W.2d at 276.

Here, representatives from Mikey's Houses neither contended nor produced any evidence that there was any fraud or imposition connected with the execution of the waiver provision. In fact, the court of appeals recognizes:

> [The Mikey's Houses representative] agreed that she had an opportunity to review the addendum and could have reviewed it line for line if she had chosen to. She stated that Bank of America did not rush her into signing it and agreed that she probably could have retained counsel to review it if she had wished.

232 S.W.3d at 154. Mikey's Houses did not demonstrate that the conspicuous waiver was not executed knowingly and voluntarily, and since the representatives are presumed to have known what they signed, Mikey's Houses failed to rebut the presumption. Thus, the court of appeals erred when it required Bank of America to first prove the extent of Mikey's Houses' knowledge and voluntariness.

As for the extent of the allegation that would be necessary to shift the burden to Bank of America to prove knowledge and voluntariness, an allegation could be sufficient to shift the burden if there is fraud alleged in the execution of the waiver provision itself. *See Prudential*, 148 S.W.3d at 134. In *Prudential*, we noted that the party opposing the contractual jury-waiver provision did not "claim that they were tricked into agreeing" to the waiver, although they did claim that they were fraudulently induced to execute the contract when the enforcing party concealed facts that would have dissolved the entire contract. *Id.* We held that general allegations of fraud were not sufficient to shift the burden of proof to the enforcing party to prove that the opposing party knowingly and voluntarily waived the right to jury trial, reasoning that "[t]he purpose of [jury waiver] provisions—to control resolution of future disputes—would be almost entirely defeated if the assertion of fraud common to such disputes were enough to bar enforcement." *Id.* The same rationale applies here, where Mikey's Houses never alleges fraud connected to the execution of the waiver itself, but claims that the waiver was "the result of fraud in the inception

of the transaction." Such a general allegation of fraud is insufficient to shift the burden to Bank of America. If a party could simply allege fraud on the entire transaction in order to nullify a jury—waiver provision, there would hardly ever be a circumstance when waiver provisions could ever be enforceable.

We also note the similarity between arbitration clauses and jury-waiver provisions to clarify that a presumption against contractual jury waivers is antithetical to *Prudential's* jurisprudence with regard to private dispute resolution agreements. In *Prudential,* we agreed with the United States Supreme Court that "arbitration and forum-selection clauses should be enforced, even if they are part of an agreement alleged to have been fraudulently induced, as long as the specific clauses were not themselves the product of fraud or coercion." 148 S.W.3d at 134–35 (citing *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)). Since *Prudential* indicates that the same dispute resolution rule expressed by the United States Supreme Court in *Scherk* should apply to contractual jury-waiver provisions, the court of appeals' analysis errs by distinguishing jury waivers from arbitration clauses, thereby imposing a stringent initial presumption against jury waivers. 232 S.W.3d at 151–52. Statutes compel arbitration if an arbitration agreement exists, *see* TEX. CIV. PRA C. REM.CODE Sec. 171.021(a) (Texas General Arbitration Act), and more importantly, "Texas law has historically favored agreements to resolve such disputes by arbitration." *In re Poly–America, L.P.,* 262 S.W.3d 337, 348 (Tex.2008); *see also In re. D. Wilson Constr. Co.,* 196 S.W.3d 774, 782–83 (Tex. 2006) (recognizing presumption favoring arbitration clauses). We see no reason why there should be a different rule for contractual jury waivers.

We hold that *Prudential* does not impose a presumption against jury waivers that places the burden on Bank of America to prove that the waiver was executed knowingly and voluntarily. Therefore, we conditionally grant the petition for writ of mandamus and direct the court of appeals to vacate and withdraw the opinion and judgment of May 3, 2007, and to reinstate the trial court order enforcing the parties' jury waiver. TEX.R.APP. P. 52.8(c); *see also Prudential,* 148 S.W.3d at 139–140 (holding that mandamus is appropriate remedy to enforce contractual jury waivers). We are confident the court of appeals will comply, and the writ will issue only if it fails to do so.

Justice JOHNSON did not participate in the decision.