### In re WILD OATS MARKETS, INC. and Whole Foods Market, Inc.

No. 09–09–00031–CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 3, 2009.

Decided April 2, 2009.

David W. Waddell, Kate L. Birenbaum, Seyfarth Shaw LLP, Houston, Norman B.

---

Berger, Harold B. Holborn, Varga Berger Ledsky Hayes & Casey, Chicago, IL, for relators.

George R. Gibson, Kent Altsuler, Nathan Sommers Jacobs, PC, Houston, for real party in interest.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

PER CURIAM.

Kuykendahl–WP Retail, L.L.P. ("Kuykendahl") sued Wild Oats Markets, Inc., ("Wild Oats") for breach of a lease agreement and sued Whole Foods Market, Inc., ("Whole Foods") for tortious interference with the lease agreement between Kuykendahl and Wild Oats. Kuykendahl also alleges that Wild Oats and Whole Foods engaged in a conspiracy to commit fraud and that Wild Oats defrauded Kuykendahl. The lease contains a contractual waiver of jury trial. The trial court struck Kuykendahl's jury demand as to its claims against Wild Oats but set Kuykendahl's claims against Whole Foods for a jury trial. Because we find the contractual waiver of jury trial does not extend to Kuykendahl's non-contractual claims against Whole Foods, we vacate our stay order and deny relief.

■ Mandamus relief is appropriate to correct the trial court's failure to enforce a valid contractual jury waiver. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 139 (Tex.2004). Neither the right to a jury trial nor the right to enforce a contractual waiver is discretionary; the issue

is what the waiving party agreed to, not what the courts deem to be fair. *See In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 192–93 (Tex.2007)[1]. Kuykendahl does not challenge the validity of its waiver of the right to a jury trial, but contends that valid waiver does not extend to its claims against Whole Foods because Whole Foods did not sign the lease that contains the waiver.

■ The lease contained the following provision:

> *Waiver of Jury Trial.* Landlord and Tenant hereby waive trial by jury in any court action, proceeding or counterclaim, including any claim of injury or damage and any provisional remedy. This waiver will expressly survive the expiration or earlier termination of the Lease.

Kuykendahl argues that Whole Foods cannot enforce the jury waiver because Whole Foods is not a party to the lease. This is not a situation where the jury waiver is imposed on a non-signatory to the agreement. *Cf. In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132–33 (Tex.2005) (contractual arbitration clause imposed on non-signatory plaintiff who derived direct benefits from the contract). Although Whole Foods did not sign the lease, Kuykendahl did. The issue here is whether the waiver language in the lease necessarily includes Kuykendahl's claims against Whole Foods. The provision covers any court action, any claim of injury, and any provisional remedy. While the contract places no express limitation on the parties affected by the provision, it does expressly refer only to the Landlord and the Tenant.

---

1. In its response, Kuykendahl suggests arbitration cases are treated more favorably than other contractual jury waiver cases. We disagree. Arbitration agreements are enforced the same as other contracts. *See In re Bank of Am., N.A.*, 278 S.W.3d 342, 346 (Tex.2009); *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d at 192. The issue in this proceeding is whether the lease between Kuykendahl and Wild Oats unambiguously waived Kuykendahl's right to a jury trial of Kuykendahl's claims against Whole Foods for tortiously interfering with the lease.

Although the damages Kuykendahl seeks in its petition for both its breach-of-contract claim and its tortious interference claim are both identical, a tortious interference claim against an unrelated third party is not a claim encompassed by the waiver-of-jury-trial clause contained in the lease.

Although direct benefits estoppel does not apply here, arguably the doctrine of concerted misconduct equitable estoppel would apply if the doctrine were accepted in Texas. *See In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d at 191. Whole Foods acquired Wild Oats on or about August 28, 2007.[2] Kuykendahl contends that the jury waiver does not apply because Kuykendahl is suing Whole Foods for its tortious pre-merger conduct. Although Kuykendahl concedes the claims "might partially arise out of some common core of facts" it contends its claims against the two defendants are based on distinct conduct. In particular, Kuykendahl claims Wild Oats made material misrepresentations directly to Kuykendahl during the interim period of the merger, that Wild Oats failed to disclose material information to Kuykendahl during the interim period of the merger, that Wild Oats acted contrary to its contractual obligations and acted as if it were going to open the store on the leased property while Whole Foods directed Wild Oats not to open the store. Of course, Kuykendahl also alleges that the two defendants' conduct was a conspiracy to interfere with and breach the lease, restrain trade and commerce, and defraud Kuykendahl. Thus, according to Kuykendahl's own pleadings the two defendants "worked together toward[s] their joint goal[.]" We note, however, that the Texas Supreme Court declined to adopt concerted-miscon-

duct equitable estoppel. *Id.* at 195. The relators have not shown that Kuykendahl waived its right to a jury trial on Kuykendahl's tortious interference claims against Whole Foods. Accordingly, we lift our stay order of January 30, 2009, and deny the petition for writ of mandamus.

PETITION DENIED.

---

**2.** Wild Oats has not been dissolved and Whole Foods is not the successor of Wild Oats. Accordingly, on the record before us, Whole Foods has not shown that Wild Oats' contractual rights under the successors and assigns clause contained in the lease agreement inure to its benefit.