In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00031-CV


____________________



IN RE WILD OATS MARKETS, INC. and WHOLE FOODS MARKET, INC.






Original Proceeding






OPINION


 Kuykendahl-WP Retail, L.L.P. ("Kuykendahl") sued Wild Oats Markets, Inc., ("Wild
Oats") for breach of a lease agreement and sued Whole Foods Market, Inc., ("Whole Foods")
for tortious interference with the lease agreement between Kuykendahl and Wild Oats.
Kuykendahl also alleges that Wild Oats and Whole Foods engaged in a conspiracy to commit
fraud and that Wild Oats defrauded Kuykendahl. The lease contains a contractual waiver of
jury trial. The trial court struck Kuykendahl's jury demand as to its claims against Wild Oats
but set Kuykendahl's claims against Whole Foods for a jury trial. Because we find the
contractual waiver of jury trial does not extend to Kuykendahl's non-contractual claims
against Whole Foods, we vacate our stay order and deny relief. 

 Mandamus relief is appropriate to correct the trial court's failure to enforce a valid
contractual jury waiver. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 139 (Tex. 2004). 
Neither the right to a jury trial nor the right to enforce a contractual waiver is discretionary;
the issue is what the waiving party agreed to, not what the courts deem to be fair. See In re
Merrill Lynch Trust Co. FSB, 235 S.W.3d 185, 192-93 (Tex. 2007) (1). Kuykendahl does not
challenge the validity of its waiver of the right to a jury trial, but contends that valid waiver
does not extend to its claims against Whole Foods because Whole Foods did not sign the
lease that contains the waiver. 

 The lease contained the following provision: 

 Waiver of Jury Trial. Landlord and Tenant hereby waive trial by jury
in any court action, proceeding or counterclaim, including any claim of injury
or damage and any provisional remedy. This waiver will expressly survive the
expiration or earlier termination of the Lease.


 Kuykendahl argues that Whole Foods cannot enforce the jury waiver because Whole
Foods is not a party to the lease. This is not a situation where the jury waiver is imposed on
a non-signatory to the agreement. Cf. In re Weekley Homes, L.P., 180 S.W.3d 127, 132-33
(Tex. 2005) (contractual arbitration clause imposed on non-signatory plaintiff who derived
direct benefits from the contract). Although Whole Foods did not sign the lease, Kuykendahl
did. The issue here is whether the waiver language in the lease necessarily includes
Kuykendahl's claims against Whole Foods. The provision covers any court action, any claim
of injury, and any provisional remedy. While the contract places no express limitation on the
parties affected by the provision, it does expressly refer only to the Landlord and the Tenant. 
Although the damages Kuykendahl seeks in its petition for both its breach-of-contract claim
and its tortious interference claim are both identical, a tortious interference claim against an
unrelated third party is not a claim encompassed by the waiver-of-jury-trial clause contained
in the lease. 

 Although direct benefits estoppel does not apply here, arguably the doctrine of
concerted misconduct equitable estoppel would apply if the doctrine were accepted in Texas. 
See In re Merrill Lynch Trust Co. FSB, 235 S.W.3d at 191. Whole Foods acquired Wild Oats
on or about August 28, 2007. (2) Kuykendahl contends that the jury waiver does not apply
because Kuykendahl is suing Whole Foods for its tortious pre-merger conduct. Although
Kuykendahl concedes the claims "might partially arise out of some common core of facts"
it contends its claims against the two defendants are based on distinct conduct. In particular,
Kuykendahl claims Wild Oats made material misrepresentations directly to Kuykendahl
during the interim period of the merger, that Wild Oats failed to disclose material information
to Kuykendahl during the interim period of the merger, that Wild Oats acted contrary to its
contractual obligations and acted as if it were going to open the store on the leased property
while Whole Foods directed Wild Oats not to open the store. Of course, Kuykendahl also
alleges that the two defendants' conduct was a conspiracy to interfere with and breach the
lease, restrain trade and commerce, and defraud Kuykendahl. Thus, according to
Kuykendahl's own pleadings the two defendants "worked together toward[s] their joint
goal[.]" We note, however, that the Texas Supreme Court declined to adopt concerted-misconduct equitable estoppel. Id. at 195. The relators have not shown that Kuykendahl
waived its right to a jury trial on Kuykendahl's tortious interference claims against Whole
Foods. Accordingly, we lift our stay order of January 30, 2009, and deny the petition for
writ of mandamus. 

 PETITION DENIED.

 PER CURIAM

Submitted February 3, 2009

Opinion Delivered April 2, 2009



Before McKeithen, C.J., Kreger and Horton, JJ.
1. In its response, Kuykendahl suggests arbitration cases are treated more favorably than
other contractual jury waiver cases. We disagree. Arbitration agreements are enforced the
same as other contracts. See In re Bank of Am., N.A., No. 07-0901, 2009 WL 490065, *4
(Tex. Feb. 27, 2009); In re Merrill Lynch Trust Co. FSB, 235 S.W.3d at 192.  The issue in
this proceeding is whether the lease between Kuykendahl and Wild Oats unambiguously
waived Kuykendahl's right to a jury trial of Kuykendahl's claims against Whole Foods for
tortiously interfering with the lease.
2. Wild Oats has not been dissolved and Whole Foods is not the successor of Wild Oats. 
Accordingly, on the record before us, Whole Foods has not shown that Wild Oats'
contractual rights under the successors and assigns clause contained in the lease agreement
inure to its benefit.