MIKEY'S HOUSES LLC and Helen L. Martin and Joyce A. Powell, Appellants

v.

BANK OF AMERICA, N.A., Appellee.

No. 2–05–397–CV.

Court of Appeals of Texas, Fort Worth.

April 7, 2009.

---

Jay L. Gueck, Law Firm of Jay L. Gueck, Dallas, TX, for Appellant.

Eric S. Lipper, Hirsch & Westheimer, P.C., Houston, TX, for Appellee.

Panel: LIVINGSTON, GARDNER and WALKER, JJ.

---

## JUDGMENT AND ORDER VACATING OPINION AND JUDGMENT, RE-CALLING MANDATE, AND ISSU-ING NEW MANDATE

TERRIE LIVINGSTON, Justice.

We have received the Supreme Court's per curiam opinion delivered February 27, 2009 in their cause number 07–0901. *In re Bank of Am., N.A.,* 278 S.W.3d 342 (Tex., 2009) (per curiam). In the opinion we were directed "to vacate and withdraw the opinion and judgment of May 3, 2007," *Mikey's Houses LLC v. Bank of Am., N.A.,* 232 S.W.3d 145 (Tex.App.-Fort Worth 2007, no pet.), "and to reinstate the trial court order enforcing the parties' jury waiver." *Bank of Am.,* 278 S.W.3d at 346. Therefore, we vacate our opinion and judgment of May 3, 2007 and reinstate the trial court's order enforcing the parties' jury waiver. We withdraw our prior opinion and judgment and substitute this judgment and order in their place. Furthermore, we recall our mandate previously issued on September 13, 2007 and hereby simultaneously issue our new mandate in conformity with the supreme court's opinion and this new judgment and order. Tex.R.App. P. 18.6, 18.7.

It is further ordered that appellants Mikey's Houses LLC, Helen L. Martin, and Joyce A. Powell shall equally bear all of the costs of this proceeding, for which let execution issue.

WALKER, J. filed a dissenting opinion.

## DISSENTING OPINION ON JUDG-MENT AND ORDER VACATING OPINION AND JUDGMENT, RE-CALLING MANDATE, AND ISSU-ING NEW MANDATE

SUE WALKER, Justice.

Because I do not believe that this court possesses jurisdiction "to vacate and withdraw [our] opinion and judgment of May 3, 2007, and to reinstate the trial court order enforcing the parties' jury waiver" as ordered by the Supreme Court of Texas, I respectfully dissent.

The validity of the parties' contractual jury waiver was presented to us via a permissive interlocutory appeal. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(d) (Vernon 2008). We issued an opinion and judgment on May 3, 2007. *See Mikey's Houses LLC v. Bank of Am., N.A.,* 232 S.W.3d 145, 149 (Tex.App.-Fort Worth 2007, no pet.), *mand. granted, In re Bank of Am., N.A.,* 278 S.W.3d 342, 346 (Tex., 2009) (orig.proceeding) (per curiam). We overruled Bank of America's motion for rehearing on July 5, 2007, and we lost plenary jurisdiction on August 4, 2007. *See* Tex.R.App. P. 19.1(b). Our clerk's office issued mandate on September 13, 2007. *See* Tex.R.App. P. 18.1(a), 51.1(b).

Although one justice on our panel issued a dissenting opinion, Bank of America did not file a petition for discretionary review. *See* Tex. Gov't Code Ann. § 22.225(c) (Vernon 2004 & Supp.2008) (granting supreme court appellate jurisdiction over appeal when appellate court justice issues a dissent).[1] Instead, on November 2, 2007, over a month after our clerk's office issued the mandate, Bank of America filed a petition for writ of mandamus with the Supreme Court of Texas naming this court as respondent and praying that the supreme court issue a writ of mandamus directing this court to "vacate and withdraw the opinion and judgment" entered in the interlocutory appeal. *See* Bank of Am., N.A.'s Brief in Support of Petition for Writ of Mandamus at 33, *In re Bank of Am., N.A.,* 278 S.W.3d 342 (Tex., 2009) (orig.proceeding) (per curiam), 2008 WL

---

1. Nor did Bank of America file a motion to recall the mandate. *See* Tex.R.App. P. 18.7.

1826688. The Supreme Court of Texas has now granted Bank of America's petition for writ of mandamus and has ordered us to "to vacate and withdraw [our] opinion and judgment of May 3, 2007, and to reinstate the trial court order enforcing the parties' jury waiver." *In re Bank of Am., N.A.*, 278 S.W.3d at 346.

I cannot locate any rule or statutory provision vesting this court with jurisdiction to comply with the supreme court's instructions. To the contrary, the rules of appellate procedure appear to prohibit our compliance. Because we have lost plenary power over our May 3, 2007 opinion and judgment, the rules of appellate procedure expressly prohibit us from vacating or modifying our judgment and from altering our opinion other than to correct a clerical error. *See* Tex.R.App. P. 19.1, 19.3(a). The withdrawal of our May 3, 2007 opinion will leave this court without an opinion in the underlying interlocutory appeal in violation of the rules of appellate procedure. *See Mikey's Houses*, 232 S.W.3d at 148 (explaining issue was raised via permissive interlocutory appeal); *see also* Tex.R.App. P. 47.1 (providing that court of appeals "must hand down written opinion" in every appeal). Yet, after today, a new judgment from this court reinstating the trial court's June 2, 2005 order enforcing the jury waiver will exist, despite the absence of an opinion from our court.

The rules of appellate procedure required the trial court to enforce our judgment in the interlocutory appeal when it received our mandate in September 2007. *See* Tex.R.App. P. 51.1(b). Though I have searched mightily, I have found no authority authorizing us, twenty months after mandate has issued, to reinstate the trial court's June 2, 2005 order enforcing the jury waiver.

The rules of appellate procedure governing original proceedings likewise do not give us jurisdiction to comply with the supreme court's instructions. Our opinion and judgment disposed of a permissive interlocutory appeal, not an original proceeding like the landmark contractual jury waiver mandamus proceeding of *In re Prudential Ins. Co. of Am.* 148 S.W.3d 124, 140–41 (Tex.2004) (orig.proceeding) (directing trial court to vacate its prior order and to grant motion to quash jury demand). *Compare Mikey's Houses*, 232 S.W.3d at 148 (explaining that trial court signed an order allowing permissive interlocutory appeal) *with* Petition for Writ of Mandamus with Supporting Authorities at ix, *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex.2004) (orig.proceeding) (No. 02–0690), 2002 WL 32132334 (explaining that mandamus was filed first in court of appeals but denied).

Because I do not believe this court possesses jurisdiction to comply with the instructions of the Supreme Court of Texas, I respectfully dissent.