COURT OF APPEALS

                                      SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                                    

                                        NO. 2-05-397-CV

 

 

MIKEY=S HOUSES LLC AND                                                 APPELLANTS

HELEN L. MARTIN AND 

JOYCE A. POWELL

 

                                                   V.

 

BANK OF AMERICA, N.A.                                                        APPELLEE

 

                                              ------------

 

            FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

            JUDGMENT AND ORDER VACATING OPINION AND

      JUDGMENT, RECALLING MANDATE, AND ISSUING NEW

                                     MANDATE

 








We have
received the Supreme Court=s per
curiam opinion delivered February 27, 2009 in their cause number 07B0901.  In re Bank of Am., N.A., No. 07B0901,  2009 WL 490065 (Tex. Feb. 27, 2009) (per
curiam).  In the opinion we were directed
Ato
vacate and withdraw the opinion and judgment of May 3, 2007,@ Mikey=s Houses
LLC v. Bank of Am., N.A., 232 S.W.3d 145 (Tex. App.CFort
Worth 2007, no pet.), Aand to reinstate the trial court
order enforcing the parties= jury
waiver.@  Bank of Am., 2009 WL 490065, at
*4.  Therefore, we vacate our opinion and
judgment of May 3, 2007 and reinstate the trial court=s order
enforcing the parties= jury waiver.  We withdraw our prior opinion and judgment
and substitute this judgment and order in their place.  Furthermore, we recall our mandate previously
issued on September 13, 2007 and hereby simultaneously issue our new mandate in
conformity with the supreme court=s
opinion and this new judgment and order. 
Tex. R. App. P. 18.6, 18.7.

It is
further ordered that appellants Mikey's Houses LLC, Helen L. Martin, and Joyce
A. Powell shall equally bear all of the costs of this proceeding, for which let
execution issue.

DATED
April 7, 2009.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL: 
LIVINGSTON, GARDNER and WALKER, JJ.

 

WALKER, J. filed a dissenting opinion.











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-397-CV

 

 

MIKEY=S HOUSES LLC AND                                                 APPELLANTS

HELEN L. MARTIN AND

JOYCE A. POWELL

                                                   V.

 

BANK
OF AMERICA, N.A.                                                        APPELLEE

 

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

            DISSENTING OPINION ON
JUDGMENT AND ORDER

  VACATING
OPINION AND JUDGMENT, RECALLING MANDATE, AND
ISSUING NEW MANDATE

 

                                               ------------

Because I do not believe that
this court possesses jurisdiction Ato
vacate and withdraw [our] opinion and judgment of May 3, 2007, and to reinstate
the trial court order enforcing the parties= jury
waiver@ as
ordered by the Supreme Court of Texas, I respectfully dissent.








The validity of the parties=
contractual jury waiver was presented to us via a permissive interlocutory
appeal.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014(d) (Vernon
2008).  We issued an opinion and judgment
on May 3, 2007.  See Mikey=s Houses
LLC v. Bank of Am., N.A., 232 S.W.3d 145, 149 (Tex. App.CFort
Worth 2007, no pet.), mand. granted, In re Bank of Am., N.A., No.
07-0901, 2009 WL 490065, at *4 (Tex. Feb. 27, 2009) (orig. proceeding) (per
curiam).  We overruled Bank of America=s motion
for rehearing on July 5, 2007, and we lost plenary jurisdiction on August 4,
2007.  See Tex. R. App. P.
19.1(b).  Our clerk=s office
issued mandate on September 13, 2007.  See
Tex. R. App. P. 18.1(a), 51.1(b).








Although one justice on our panel issued a
dissenting opinion, Bank of America did not file a petition for discretionary
review.  See Tex. Gov=t Code
Ann. '
22.225(c) (Vernon 2004 & Supp. 2008) (granting supreme court appellate
jurisdiction over appeal when appellate court justice issues a dissent).[1]  Instead, on November 2, 2007, over a month
after our clerk=s office issued the mandate,
Bank of America filed a petition for writ of mandamus with the Supreme Court of
Texas naming this court as respondent and praying that the supreme court issue
a writ of mandamus directing this court to Avacate
and withdraw the opinion and judgment@ entered
in the interlocutory appeal.  See
Bank of Am., N.A.=s Brief in Support of Petition
for Writ of Mandamus at 33, In re Bank of Am., N.A., No. 07-0901, 2009
WL 490065 (Tex. Feb. 27, 2009) (orig. proceeding) (per curiam), 2008 WL
1826688.  The Supreme Court of Texas has
now granted Bank of America=s
petition for writ of mandamus and has ordered us to Ato
vacate and withdraw [our] opinion and judgment of May 3, 2007, and to reinstate
the trial court order enforcing the parties= jury
waiver.@  In re Bank of Am., N.A., 2009 WL 490065,
at *4.

I cannot locate any rule or statutory provision
vesting this court with jurisdiction to comply with the supreme court=s
instructions.  To the contrary, the rules
of appellate procedure appear to prohibit our compliance.  Because we have lost plenary power over our
May 3, 2007 opinion and judgment, the rules of appellate procedure expressly
prohibit us from vacating or modifying our judgment and from altering our opinion
other than to correct a clerical error.  See
Tex. R. App. P. 19.1, 19.3(a).  The
withdrawal of our May 3, 2007 opinion will leave this court without an opinion
in the underlying interlocutory appeal in violation of the rules of appellate
procedure.  See Mikey=s Houses, 232
S.W.3d at 148 (explaining issue was raised via permissive interlocutory
appeal); see also Tex. R. App. P. 47.1 (providing that court of appeals Amust
hand down written opinion@ in every appeal).  Yet, after today, a new judgment from this
court reinstating the trial court=s June
2, 2005 order enforcing the jury waiver will exist, despite the absence of an
opinion from our court.








The rules of appellate procedure required the
trial court to enforce our judgment in the interlocutory appeal when it
received our mandate in September 2007.  See
Tex. R. App. P. 51.1(b).  Though I have
searched mightily, I have found no authority authorizing us, twenty months
after mandate has issued, to reinstate the trial court=s June
2, 2005 order enforcing the jury waiver.

The rules of appellate procedure governing
original proceedings likewise do not give us jurisdiction to comply with the
supreme court=s instructions.  Our opinion and judgment disposed of a
permissive interlocutory appeal, not an original proceeding like the landmark
contractual jury waiver mandamus proceeding of In re Prudential Ins. Co. of
Am. 148 S.W.3d 124, 140B41 (Tex.
2004) (orig. proceeding) (directing trial court to vacate its prior order and
to grant motion to quash jury demand).  Compare
Mikey=s Houses, 232
S.W.3d at 148 (explaining that trial court signed an order allowing permissive
interlocutory appeal) with Petition for Writ of Mandamus with Supporting
Authorities at ix, In re Prudential Ins. Co. of Am., 148 S.W.3d 124
(Tex. 2004) (orig. proceeding) (No. 02-0690), 2002 WL 32132334 (explaining that
mandamus was filed first in court of appeals but denied).

Because I do not believe this court possesses
jurisdiction to comply with the instructions of the Supreme Court of Texas, I
respectfully dissent.

 

SUE
WALKER

JUSTICE

 

DELIVERED:  April 7, 2009











[1]Nor did Bank of America file a motion to recall the
mandate.  See Tex. R. App. P.
18.7.