02-10-462-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00462-CV

 

 


 
 
 In re Frank Kent Motor Company
 d/b/a Frank Kent Cadillac
 
 
  
 
 
 RELATOR
 
 


 

 

----------

 

FROM THE
236th District Court OF Tarrant
COUNTY

----------

 

ORIGINAL PROCEEDING

 

---------

 

OPINION

----------

 

I.  Introduction

          Relator Frank Kent Motor Company d/b/a
Frank Kent Cadillac seeks mandamus relief from the trial court’s November 30,
2010 order denying its motion to strike Real Party in Interest Tony Garcia’s
jury demand.  We will conditionally grant
Frank Kent’s petition for writ of mandamus.

II.  Factual and
Procedural Background

          Garcia sued Frank Kent for age
discrimination and demanded a jury trial in his original petition.  Frank Kent thereafter filed a motion to
strike Garcia’s jury demand, arguing that Garcia waived his right to a jury
trial.  Frank Kent attached to its motion
a document entitled “Frank Kent Motor Company Employee Handbook Acknowledgment
& Mutual Waiver of Jury Trial,” which is signed by Garcia and dated May 20,
2008.  The document states in part:

FKMC AND EACH EMPLOYEE THAT SIGNS THIS
ACKNOWLEDGMENT, RECEIVES A COPY OF THIS HANDBOOK, HAS KNOWLEDGE OF THIS POLICY,
AND CONTINUES TO WORK FOR FKMC THEREAFTER, HEREBY
WAIVES THEIR RIGHT TO TRIAL BY JURY AND AGREE TO HAVE ANY DISPUTES ARISING
BETWEEN THEM RESOLVED BY A JUDGE OF A COMPETENT COURT SITTING WITHOUT A JURY.

 

It
is undisputed that Garcia and Frank Kent contracted to waive a jury.[1]

          Garcia responded that Frank Kent’s
motion should be denied because the jury waiver “was not signed under
circumstances which were ‘knowing, voluntary and intelligent.’”  Garcia reached this conclusion by considering
the facts contained in an affidavit that he attached to his response in light
of several factors set out in this court’s opinion in Mikey’s Houses LLC v. Bank of Am., N.A., 232 S.W.3d 145, 153 (Tex. App.—Fort Worth 2007, no pet.), mand. granted, In re Bank of Am., N.A.,
278 S.W.3d 342 (Tex. 2009) (orig. proceeding).  Garcia’s affidavit set out the following facts:

·       
When the jury waiver was first presented to Garcia,
he told a manager that he was not going to sign it.

 

·       
At some point thereafter (we do not know how long),
a supervisor asked Garcia about his failure to sign the jury waiver, and
Garcia—for the second time—said that he was not going to sign the waiver.

 

·       
The supervisor told Garcia that he “might” lose his
job if he did not sign the jury waiver.

 

·       
Garcia asked the supervisor if he “had any choice,
and she said that [he] did not.”

 

·       
Garcia then signed the jury waiver “on the spot
without any negotiation” “[b]ecause of what the
supervisor told [him] that day.”

 

·       
Garcia did not fully understand the legal
significance of the document, but he knew enough that he did not like the
language of the document and did not want to sign it.

 

·       
Garcia believed that he “likely” would have lost
his job had he asked for time to hire a lawyer to analyze and negotiate the
document.

 

·       
Garcia did not have a lawyer to evaluate the jury
waiver.

 

·       
Frank Kent never told Garcia that it was willing to
make changes to the jury waiver, nor does Garcia believe
that Frank Kent was willing to make changes to the jury waiver.

 

          Frank
Kent replied that Garcia’s affidavit failed to demonstrate that he did not sign
the jury waiver knowingly, voluntarily, and intelligently, and it objected to
portions of Garcia’s affidavit.[2]  The trial court denied Frank Kent’s motion to
strike Garcia’s jury demand.  Frank Kent
seeks mandamus relief directing the trial court judge to enforce the jury
waiver.

III.  Standard of Review

          Mandamus
relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  A trial court clearly abuses its discretion
when it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  A trial court has no
discretion in determining what the law is or in applying the law to the
facts.  Prudential, 148 S.W.3d
at 135.  We may not substitute our
decision for that of the trial court unless the relator establishes that the
trial court could reasonably have reached only one decision and that the trial
court’s decision is arbitrary and unreasonable. 
Walker, 827 S.W.2d at 839–40. 
This burden is a heavy one.  In re CSX, Corp., 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).  Mandamus review is proper to address whether
a presuit jury waiver is enforceable.  Prudential, 148 S.W.3d at 138.

IV. 
Mandamus Relief is Appropriate

          Frank
Kent argues that the trial court abused its discretion by denying its motion to
strike Garcia’s jury demand.  It contends
that we should presume that Garcia signed the jury waiver knowingly, intelligently,
and voluntarily because Garcia did not allege or prove any fraud or imposition
regarding the jury waiver; that Garcia’s affidavit does not overcome the
presumption that he signed the jury waiver knowingly, intelligently, and
voluntarily; and, therefore, that the jury waiver is enforceable.  Garcia responds that he rebutted the
presumption that he signed the jury waiver voluntarily because the
uncontroverted facts contained in his affidavit show that he was coerced to
sign the jury waiver and the factors used to evaluate voluntariness support his
position.

          As the dissent in Mikey’s Houses recognized, although waiver is ordinarily a question of
fact, when the facts and circumstances are admitted or clearly established, the
question becomes one of law.  232 S.W.3d at 166 (Livingston, J.,
dissenting).  The evidence in Mikey’s Houses was undisputed; therefore, the
enforceability of the waiver in that case was determined as a matter of
law.  Here, the facts set out in Garcia’s
affidavit were uncontroverted.[3]  Consequently, we determine whether the
conspicuous jury waiver is enforceable as a matter of law.

          Contractual
jury waivers are enforceable, but they must be found to be a voluntary,
knowing, and intelligent act that was done with sufficient awareness of the
relevant circumstances and likely consequences. 
Prudential,
148 S.W.3d at 133–34; In re Credit Suisse First Boston Mortg. Capital, L.L.C.,
257 S.W.3d 486, 490 (Tex. App.—Houston [14th Dist.]
2008, orig. proceeding [mand. denied]).  If there is an allegation of fraud or
imposition, then the party seeking to enforce a jury waiver has the burden to
show that the waiver was executed knowingly and voluntarily.  Bank of Am., 278 S.W.3d at 345
(overruling Mikey’s Houses burden analysis).  If, however, there is no allegation of fraud
or imposition, then a conspicuous waiver of trial by jury is presumed to be
knowing and voluntary and the party opposing the waiver has the burden to rebut
that presumption.  Id.; see In re Gen. Elec.
Capital Corp., 203 S.W.3d 314, 316 (Tex. 2006)
(orig. proceeding).

          Garcia
has not alleged any fraud or imposition in regard to the jury waiver.  Therefore, the jury waiver is presumed to be
knowing and voluntary if it is conspicuous. 
The jury waiver is written in capital letters, is in bold, and is
underlined.  The supreme
court has held that such a jury waiver is conspicuous.  See
Gen. Elec., 203 S.W.3d at 316; see also Tex. Bus. & Com. Code Ann.
§ 1.201(b)(10) (Vernon 2009) (defining “conspicuous” to mean “so written,
displayed, or presented that a reasonable person against which it is to operate
ought to have noticed it.”). 
Accordingly, the jury waiver is presumed to be knowing and voluntary,
and Garcia had the burden to rebut this presumption.  See
Bank of Am., 278 S.W.3d at 345;
Gen. Elec., 203 S.W.3d
at 316.

          Considerations
that are commonly relevant to a determination of whether a contractual jury
waiver was entered into knowingly and voluntarily include (1) the bargaining
power of the parties, (2) whether the parties were represented by counsel and
whether the counsel had an opportunity to examine the agreement, (3) the
experience of the parties in negotiating the type of contract signed, (4)
whether the party challenging the jury waiver had an opportunity to negotiate
and examine the contract, (5) the conspicuousness of the waiver, and (6) the
actual negotiations over the clause.  See Prudential,
148 S.W.3d at 134 (considering several factors); Mikey’s Houses, 232 S.W.3d
at 166 (Livingston, J., dissenting) (identifying factors).

          Instead
of simply applying the facts set out in Garcia’s affidavit to these
considerations, as Garcia does in his response, we are compelled to first
address the status of the parties that are involved in this dispute, as it is
relevant to our analysis.  Prudential involved litigants who were
parties to a commercial lease.  148 S.W.3d at 127.  General
Electric involved litigants who were parties to a promissory note and a
guaranty.  203 S.W.3d at 314. 
Bank of America involved
litigants who were parties to a real estate contract.  278 S.W.3d
at 343.  Unlike in those cases,
here, it is undisputed that Garcia was an at-will
employee of Frank Kent when he executed the jury waiver.[4]

          It is well established that specific
rules accompany the at-will employment relationship.  See, e.g., Tex. Farm Bureau Mut. Ins. Cos. v. Sears, 84 S.W.3d 604, 608 (Tex. 2002) (explaining that an at-will
employee may be fired for any reason or no reason at all, except that the
at-will employee may not be fired because he refused to act illegally); see also Ed Rachal
Found. v. D’Unger, 207 S.W.3d
330, 332 (Tex. 2006).  In explaining how
modifications may be made to the at-will employment relationship, the supreme court stated that, generally, at-will employees must
accept the new terms or quit:

          In employment at will situations,
either party may impose modifications to the employment terms as a condition of
continued employment.  The party
asserting the modification still must prove that the other party agreed to
modify the employment terms.  Generally, when the employer notifies an
employee of changes in employment terms, the employee must accept the new terms
or quit.  If the employee continues
working with knowledge of the changes, he has accepted the changes as a matter
of law.  Thus, to prove a
modification of an at will employment contract, the party asserting the
modification must prove two things:  (1) notice
of the change; and, (2) acceptance of the change.

 

Hathaway v. Gen. Mills, Inc.,
711 S.W.2d 227, 229 (Tex. 1986) (emphasis added and
citations omitted).

          In In re Halliburton Co., the supreme court
considered whether an arbitration agreement between an employer and an at-will
employee was supported by sufficient consideration and, among other things,
whether the provision was unconscionable. 
80 S.W.3d 566, 566, 571–72 (Tex. 2002) (orig.
proceeding).  In addressing the at-will
employee’s argument that the arbitration provision was procedurally
unconscionable, the supreme court stated,

          Myers first asserts that the provision
is procedurally unconscionable as there was gross disparity in bargaining power
between the parties because Myers had no opportunity to negotiate; Halliburton
told him to accept the Program or leave. 
But in Hathaway, we recognized
that an employer may make precisely such a “take it or leave it” offer to its
at-will employees.  Because an employer
has a general right under Texas law to discharge an at-will employee, it cannot
be unconscionable, without more, merely to premise continued employment on
acceptance of new or additional employment terms.

 

Id. at 572 (emphasis
added and citations omitted); see also
Carter v. Countrywide Credit Indus., Inc., 362 F.3d
294, 301 (5th Cir. 2004) (citing Halliburton
and rejecting argument that agreement was unconscionable because appellee “used its superior bargaining position to coerce
potential employees”).

          Although this case concerns a
contractual jury waiver and not an arbitration agreement, the supreme court has confirmed that “our jurisprudence ‘should
be the same for all similar dispute resolution agreements.’”  See
Bank of Am., 278 S.W.3d
at 343–44 (quoting Prudential, 148 S.W.3d at 135); see
also Mikey’s Houses, 232 S.W.3d
at 161 (Livingston, J., dissenting) (“But in light of Texas’s strong public
policy of enforcing freedom of contract, it does not make sense to treat valid
contractual jury waivers . . . differently from arbitration
agreements . . . .”). 
Garcia directs us to no authority demonstrating that the standards
underlying the employer/employee at-will relationship are irrelevant in the
context of addressing the enforceability of a contractual jury waiver or are an
exception thereto.[5]  Therefore, Halliburton’s at-will employee analysis is relevant to whether
Garcia successfully rebutted the presumption that he knowingly and voluntarily
executed the waiver.

          With this background, we now evaluate Garcia’s
argument that he rebutted the presumption of a knowing and voluntary jury
waiver.  Garcia opined in his affidavit
that Frank Kent gave him no choice but to sign the jury waiver, stating that he
might have been fired if he did not sign it. 
Garcia thus construed Frank Kent’s actions as presenting the jury waiver
to him on a “take it or leave it” basis. 
In light of this uncontroverted factual foundation, Garcia argues that
he successfully rebutted the presumption of a knowing and voluntary jury
waiver.  But Garcia’s execution of what
he believed to be a “take it or leave it” jury waiver did not render the waiver
unenforceable for lack of voluntariness simply because Frank Kent presented it
to him on a “take it or leave it” basis. 
This is because, under Halliburton,
Frank Kent legally could have made such a “take it or leave it” offer to
Garcia, an at-will employee.  See Halliburton, 80 S.W.3d at 572. 
Concluding that Garcia overcame the presumption of a knowing and
voluntary jury waiver only because
the jury waiver was presented to him on a “take it or leave it” basis would (1) effectively
create an exception to the at-will employment doctrine that we are not
prepared—and, indeed, have no authority—to make and (2) erroneously
distinguish Halliburton’s relevant
at-will employment analysis, contrary to Bank
of America’s guidance about analyzing dispute resolution agreements.

          Further, each consideration set out
above weighs in favor of the presumption that Garcia executed the jury waiver
knowingly and voluntarily.  Regarding
relative bargaining power, Garcia apparently had to accept Frank Kent’s
modification to his at-will employment or face termination.  On these facts, this is not an example of
employer overreaching or coercion; it is simply the nature of at-will
employment.  Regarding representation by
counsel, if Garcia had an attorney, the attorney could have asserted argument
after argument against the jury waiver, but Frank Kent could have rejected each
and every one and responded, “Take it or leave it.”  As for the experience of the parties and the
negotiations surrounding the jury waiver’s execution, Garcia’s at-will
employment relationship with Frank Kent permeates the analysis of these
considerations too, and each consideration weighs in favor of Frank Kent.

          Garcia agrees that Frank Kent had the
authority to fire him, but he argues that Frank Kent did not have the authority
to coerce him to sign the jury waiver.  See Bank of Am., 278 S.W.3d at 346; Prudential,
148 S.W.3d at 134.  According to Garcia, “[t]he jury waiver
contract, like all other contracts in this State, was voidable upon proof that
[Garcia] was forced to execute it involuntarily.”  While we certainly agree that a jury waiver
must be executed voluntarily, Garcia’s arguments erroneously conflate coercion
with an employer’s well-settled power to make a “take it or leave it” offer to
its at-will employee.  See Carter, 362 F.3d
at 301 (rejecting argument that employer coerced employees to sign arbitration
agreement).  Further, the facts contained
in Garcia’s affidavit do not support his argument that he overcame the
presumption of a knowing and voluntary jury waiver by a showing of
coercion.  See In re D.E.H., 301 S.W.3d
825, 828 (Tex. App.—Fort Worth 2009, pet denied) (reasoning that coercion
occurs if someone is compelled to perform an act by force or threat); see also Tex. Penal Code Ann. § 1.07(a)(9)
(Vernon Supp. 2010) (defining coercion to mean a threat, however communicated,
to commit an offense; to inflict bodily injury in the future on the person
threatened or another; to accuse a person of any offense; to expose a person to
hatred, contempt, or ridicule; to harm the credit or business repute of any
person; or to take or withhold action as a public servant, or to cause a public
servant to take or withhold action); Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 837 (Tex. App.—Houston [1st Dist.] 1999, no
pet.) (listing elements of economic duress or business
coercion, which include a threat of an act that the actor had no legal right to
do).  Frank Kent had a legal right to
discharge Garcia.

          We hold that under the specific facts
of this case, Garcia failed to rebut the presumption that he executed the
conspicuous jury waiver knowingly, intelligently, and voluntarily.  Accordingly, the trial court clearly abused
its discretion by denying Frank Kent’s motion to strike Garcia’s jury demand.  We sustain Frank Kent’s sole issue.

V.  Conclusion

          Having sustained Frank Kent’s sole
issue, we conditionally grant a writ of mandamus directing the trial court (1) to
vacate the November 30, 2010 order and (2) to grant Frank Kent’s motion to
strike Garcia’s jury demand.  A writ will
issue only if the trial court fails to do so.

 

 

 

BILL
MEIER
JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
MEIER and GABRIEL, JJ.

 

DELIVERED:  February 24, 2011











[1]The
agreement expressly bound both parties; Garcia’s signature (and facts contained
in his affidavit) evidence his notification of the agreement, and Garcia
continued working for Frank Kent from May 20, 2008 to January 15, 2009 (the
date Frank Kent fired Garcia) with knowledge of the agreement.  See In re Dallas Peterbilt,
Ltd., L.L.P., 196 S.W.3d
161, 162–63 (Tex. 2006) (orig. proceeding) (reaffirming (1) that “[a]n
employer may enforce an arbitration agreement entered into during an at-will
employment relationship if the employee received notice of the employer’s
arbitration policy and accepted it” and (2) that “[a]n at-will employee
who receives notice of an employer’s arbitration policy and continues working with
knowledge of the policy accepts the terms as a matter of law”).





[2]The
trial court sustained only objection number 5, in which Frank Kent objected “to
the first and second sentence[s] of paragraph number 7 of Garcia’s affidavit
where [he] testifies that the Jury Waiver was prepared by the Defendant’s
attorney as speculation, conclusory and irrelevant.”





[3]The
lone objection sustained by the trial court does not effectively controvert the
relevant parts of Garcia’s affidavit.





[4]There
is language in the document that contains the jury waiver explaining that in
the absence of a written agreement between an employee and Frank Kent, all
employees of Frank Kent are employees at will, and there is no evidence or
argument by either party that Garcia had a written agreement with Frank
Kent.  See Ronnie
Loper Chevrolet-Geo, Inc. v. Hagey,
999 S.W.2d 81, 83 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (reasoning
that the presumption of at-will employment may only be rebutted by an agreement
that directly limits, in a “meaningful and special way,” the employer’s right
to terminate at will).





          [5]Procedurally,
waiving a jury trial may be less harsh than agreeing to arbitration.  In Prudential,
the supreme court explained that,

 

[I]f parties are
willing to agree to a non-jury trial, we think it preferable to enforce that
agreement rather than leave them with arbitration as their only enforceable
option.  By agreeing to arbitration,
parties waive not only their right to trial by jury but their right to appeal,
whereas by agreeing to waive only the former right, they take advantage of the
reduced expense and delay of a bench trial, avoid the expense of arbitration,
and retain their right to appeal.

 

148 S.W.3d at 132.