**In re Eduardo LERMA, Relator.**

No. 08–03–00515–CV.

Court of Appeals of Texas,
El Paso.

May 13, 2004.

Eduardo N. Lerma Sr., El Paso, pro se.

Linda Yee Chew, Stewart W. Forbes, Forbes & Forbes, El Paso, for respondent.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and ANDELL, JJ.

## OPINION ON PETITION FOR WRIT OF MANDAMUS

RICHARD BARAJAS, Chief Justice.

This is an original proceeding in mandamus. Eduardo Lerma, Relator, seeks a writ of mandamus requiring the Honorable Linda Chew, Judge of the 327th District Court of El Paso County, to vacate or set aside an order denying Relator's motion to strike intervention and to set aside a final summary judgment granted in favor of Stewart Forbes, the Real Party in Interest. Forbes has filed a motion to consider records from two pending appeals in this mandamus proceeding. Further, he has filed a motion for sanctions. The motion to consider the records of the pending appeals is granted. For the reasons stated below, we deny the relief requested by Relator in the mandamus petition and further deny Forbes' motion for sanctions. Additionally, we deny as moot Relator's motion to withdraw Exhibit 1 from the Appendix.

### FACTUAL SUMMARY

A portion of the record in the underlying case has been permanently sealed pursuant to Tex.R. Civ. P. 76a. It is necessary to briefly state the procedural context of the motion, but our recitation of the facts will therefore be kept to a minimum. Landmark Organization, L.P. sued Relator's brother, Roberto Lerma, and Roberto filed a counterclaim.[1] Relator represented Roberto in the suit. The parties and Relator entered into a confidential settlement agreement in July of 2001 but Relator filed a petition in intervention when Roberto refused to pay the attorney's fees he owed Relator. The trial court signed an order dismissing cause number 2000–2579 for

want of prosecution on August 13, 2001 and faxed the order to the parties. Four days later, Relator filed a motion to reinstate the dismissed case so that his petition in intervention could be considered. At a hearing held on August 22, 2001, the Honorable Philip Martinez, then judge of the 327th District Court, informed the parties, including Relator, he was unaware at the time he signed the Rule 165a[2] dismissal order that Relator had filed a petition in intervention. Judge Martinez explained that he had not filed the order and had destroyed it. Further, Judge Martinez specifically informed those present at the hearing that the copy of the Rule 165a dismissal order which had been sent to them was void and the original suit remained pending. Shortly thereafter, Judge Martinez referred the case for assignment and the administrative judge assigned the Honorable Dick Alcala of Austin, Texas.

On September 24, 2001, Relator amended his petition in intervention to state a claim against Roberto's attorney, Robert Myers. Under the terms of the settlement agreement, Relator was required to arbitrate these claims in Travis County. Consequently, Judge Alcala granted Landmark's motion to arbitrate. Judge Alcala severed Relator's petition in intervention from cause number 2000–2579 and assigned it cause number 2000–2579AF. Additionally, Judge Alcala granted Landmark's motion to permanently seal the record pursuant to Tex.R. Civ. P. 76a.

Relator employed Stewart Forbes to represent him in the arbitration proceeding. After the arbitration hearing concluded, the arbitrator granted Forbes'

---

1. The suit, styled *Landmark Organization, L.P. v. Roberto Lerma,* cause number 2000–2579, was filed in cause number the 327th District Court of El Paso County.

2. Tex.R.Civ.P. 165a.

motion to withdraw. The arbitrator then entered a written arbitration award on March 29, 2002, which ruled against Relator on his claims against Myers but awarded him $60,000 plus attorney's fees and expenses in the amount of $47,795.65. On June 13, 2002, Judge Alcala entered judgment in accordance with the arbitration award. With the aid of a writ of garnishment, Relator collected $55,000 on the judgment, but ironically, Relator refused to pay Forbes his attorney's fees. Consequently, Forbes filed a petition in intervention on January 31, 2003. Stating a suit on sworn account, breach of contract, equitable assignment, and constructive trust claims, Forbes alleged that his attorney's fees and expenses incurred in connection with the arbitration were $47,795.65 and that the arbitrator had awarded this sum to Relator for Forbes' attorney's fees and expenses. Relator had paid Forbes $21,000 but refused to pay the balance owed.

Forbes filed a motion for summary judgment on February 26, 2003 and it was set for hearing on March 28, 2003. Relator filed a summary judgment response and he also filed a motion to recuse the Honorable Linda Chew, Judge of the 327th District Court, only nine days before the scheduled hearing date. Relator separately filed a motion to strike the petition in intervention. Judge Chew granted Relator's request for a continuance of the summary judgment hearing and rescheduled it for April 2, 2003. The order required Relator to file all responsive pleadings no later than March 25, 2003. Despite the deadline, Relator untimely filed amended motions to strike the petition in intervention, special exceptions, objections to denial of motion to recuse, supplemental summary judgment response, and a motion for sanctions. Thus, Forbes filed a motion to strike Relator's late-filed pleadings and he objected to Relator's summary judgment responses. At the April 2, 2003 hearing on the various motions, Relator referred to the void August 13, 2001 dismissal in support of his argument that the trial court lacked jurisdiction to consider Forbes' petition in intervention. Forbes testified later in the same hearing that the dismissal order had never been filed by Judge Martinez.

On June 9, 2003, Judge Chew signed an order generally granting summary judgment in favor of Forbes. Relator filed a premature notice of appeal which this Court docketed as cause number 08–03–00310–CV. Forbes filed motions to sever his claim against Relator from the main case and enter judgment. Additionally, he requested that Judge Chew specifically rule on his objections to the late-filed pleadings and summary judgment responses as well as the other pending motions. On August 13, 2003, Judge Chew signed orders sustaining Forbes' objections to Relator's summary judgment responses, severing Forbes' cause of action from cause numbers 2000–2579 and 2000–2579AF, striking Relator's late-filed pleadings and denying the motion to strike the petition in intervention. On this same date, Judge Chew entered a final judgment awarding Forbes $26,796.65 as the final amount due plus pre-judgment and post-judgment interest.[3] Relator timely filed a motion for new trial and later filed notice of appeal on November 24, 2003. We initially filed the notice of appeal in cause number 08–03–00310–CV as an amended notice of appeal but Relator complained, insisting that it should be docketed as a separate appeal

---

3. The final judgment entered by Judge Chew on August 13, 2003 occurred exactly two years after Judge Martinez erroneously signed the Rule 165a dismissal order. This coincidence of dates has proved confusing at times.

because it involved a second judgment in the same cause number. Accordingly, we filed it in a separate appeal and assigned it cause number 08–03–00510–CV. Relator filed a petition seeking mandamus relief on December 15, 2003.

### STANDARD OF REVIEW

■ Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

#### 1. Clear abuse of discretion

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker,* 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the

facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840.

#### 2. No adequate remedy by appeal

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals,* 715 S.W.2d 638, 639–40 (Tex.1986)(orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker,* 827 S.W.2d at 840, (quoting *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984)). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989)(quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed.1979]).

### APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT

■ There are presently two appeals pending before this Court in which Relator raises the same issues as in this mandamus proceeding.[4] Relator has failed to demonstrate that he does not have an adequate remedy by appeal. Accordingly, we deny the relief requested in the petition for mandamus.

---

4. The appeals are cause numbers 08–03–00310–CV, styled *Eduardo Lerma v. Stewart Forbes* and 08–03–00510–CV, 2004 WL 1078086, —— S.W.3d —— (Tex.App.-El Paso 2004), styled *Eduardo Lerma v. Stewart Forbes.* By separate opinion issued this same date, we have dismissed cause number 08–03–00510–CV and consolidated its record with cause number 08–03–00310–CV.

### MOTION FOR SANCTIONS

Pending before the Court is a motion for sanctions filed by Forbes. Rule 52.11 permits an appellate court to impose sanctions in the following circumstances:

On motion of any party or on its own initiative, the court may—after notice and a reasonable opportunity to respond—impose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:

(a) filing a petition that is clearly groundless;

(b) bringing the petition solely for delay of an underlying proceeding;

(c) grossly misstating or omitting an obviously important and material fact in the petition or response; or

(d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

Tex.R.App. P. 52.11.

We exercise the discretion afforded us by Rule 52.11 with caution and only after careful deliberation.

■■■ Forbes alleges that Relator's petition is clearly groundless because he has an adequate remedy by appeal. Additionally, Forbes asserts that Relator grossly misstated the facts in his petition by referring to the case as a fee dispute case rather than a suit on sworn account. Most significantly, Forbes argues that sanctions should be imposed because Relator included in his appendix the Rule 165a dismissal order which the trial court signed on August 13, 2001 and faxed to the parties but never filed. Relator relied on the void Rule 165a dismissal order to support his argument that the trial court lacked jurisdiction to consider Forbes' petition in intervention. We ordered Relator to file a response to the motion for sanctions paying particular attention to the allegation regarding the void dismissal order.

In his response, Relator asserts that he has not misrepresented the facts of the case. In his view, the case is a fee dispute case. Regardless of whether Relator's characterization of the case is accurate, it is not the type of error which would cause this Court to render an improper judgment. Therefore,. it does not warrant sanctions.

■■■ Relator does not address Forbes' allegation that the mandamus is groundless. Rule 3.01 of the Texas Disciplinary Rules of Professional Conduct provides, "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous." Tex. Disciplinary R. Prof. Conduct 3.01, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Vernon 1998); *Ex Parte Lafon*, 977 S.W.2d 865, 868 (Tex.App.-Dallas 1998, no pet.). This duty applies specifically to lawyers practicing before an appellate court. *See* Texas Standards for Appellate Conduct, Lawyers' Duties to the Court § 1 & § 2.[5]

■■■ We have denied mandamus relief because the issues raised by Relator are capable of being reviewed in the pending appeal and he has failed to show how this remedy is inadequate.[6] As a general

5. Section 1 provides: "An appellate remedy should not be pursued unless counsel believes in good faith that error has been committed, that there is a reasonable basis for the extension, modification, or reversal of existing law, or that an appeal is otherwise warranted." Section 2 provides: "An appellate remedy should not be pursued primarily for purposes of delay or harassment."

6. Forbes has filed motions to dismiss both appeals for want of jurisdiction. By separate opinions issued this same date, we have denied the motion to dismiss cause number 08–

rule, the denial of mandamus relief due to the existence of an adequate remedy by appeal does not automatically establish that the mandamus petition is so clearly groundless as to warrant sanctions. Relator gives no indication that he realizes fully the considerable time expended by the Court in reviewing his mandamus petition and related matters when the same issues can and will be considered in the context of direct appeal. Yet, there is no evidence that Relator filed a groundless petition in bad faith for the purpose of delay or harassment. Under the circumstances, we decline to impose sanctions on this ground.[7]

 We turn now to Forbes' contention that Relator filed a misleading appendix. The Texas Disciplinary Rules of Professional Conduct impose upon counsel the duty of candor toward the court. *See* Tex. Disciplinary R. Professional Conduct 3.03(a)(1), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Vernon 1998) (stating a "lawyer shall not knowingly make a false statement of material fact or law to a tribunal."); *Schlafly v. Schlafly*, 33 S.W.3d 863, 873 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). Similarly, both the Texas Lawyer's Creed and the Texas Standards of Appellate Conduct admonish counsel against making misrepresentations to a court. *Schlafly*, 33 S.W.3d at 873. In Section IV of the Texas Lawyer's Creed, the lawyer steadfastly pledges "I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage." Texas Lawyer's Creed, Lawyer and Judge 6;

*Schlafly*, 33 S.W.3d at 873. The Texas Standards of Appellate Conduct instruct appellate counsel to not "misrepresent, mischaracterize, misquote or miscite the factual record or legal authorities". Texas Standards of Appellate Conduct, Lawyer's Duties to the Court 4. The duty of honesty and candor a lawyer owes to the appellate court includes fairly portraying the record on appeal. *Schlafly*, 33 S.W.3d at 873. Rule 52.11 makes clear that a lawyer has the same duty in original proceedings. Factual misrepresentation not only violates a lawyer's duty to the appellate court but subjects offenders to sanctions. *Schlafly*, 33 S.W.3d at 873; *American Paging of Texas, Inc. v. El Paso Paging, Inc.*, 9 S.W.3d 237, 242 (Tex.App.-El Paso 1999, pet. denied).

Relator responds that he inadvertently included the August 13, 2003 dismissal order in the appendix because he "was overworked and [his] memory and mind failed [him]". As a further explanation, he states that he did not pay attention to the details of the case while represented by counsel. Further, during preparation of the mandamus petition, he could not utilize the clerk's record in cause numbers 2000–2579 and 2000–2579AF because it was sealed. Finally, Relator claims he did not include it for the purpose of intentionally misstating the facts, but instead intended to rely on a different dismissal order to support his argument that the trial court lacked jurisdiction to consider the petition in intervention.[8]

Relator's explanation that he simply failed to remember that Judge Martinez

---

03–00310–CV but have dismissed cause number 08–03–00510–CV, not for lack of jurisdiction, but rather because the appeals should have been filed under a single cause number.

**7.** Our conclusion that sanctions are not warranted for filing a groundless petition should not be taken as approval of a party filing a

mandamus petition where the party already has an appeal pending to address the same issues. In such a case, the party should take special care to explain why appeal is not an adequate remedy.

**8.** The trial court entered an agreed dismissal order on January 11, 2002.

had destroyed the original dismissal order is not supported by the record. It was Relator who asked Judge Martinez to "reinstate" the case following entry of the August 13, 2001 dismissal order so that his own petition in intervention could be heard, and it was at a hearing on Relator's motion that Judge Martinez explained that the case remained pending because he had not filed the dismissal order and had destroyed it. Despite being present and personally hearing Judge Martinez' admonishment that the copy of the order in his possession was void, Relator thereafter attempted to use the void dismissal order. For example, in an April 2, 2003 hearing held before Judge Chew, Relator relied on the Rule 165a dismissal order to argue that the court lacked jurisdiction to consider Forbes' petition in intervention. Forbes informed Judge Chew during his testimony that the dismissal order was invalid. Relator represented himself at the hearing and personally cross-examined Forbes. On April 7, 2003, Forbes filed the reporter's record from the August 22, 2001 hearing and explained in a letter to Judge Chew that the record of the hearing showed the dismissal order had never been filed and had in fact been destroyed by Judge Martinez. Relator once again attempted to use the dismissal order when he attached a copy of the void dismissal order as an exhibit to his motion for new trial arguing, as he has in this Court, that the trial court lacked jurisdiction to consider the petition in intervention.

In addition to Relator's repeated use of this void document, we are troubled that the copy of the dismissal order included as Exhibit 1 bears the stamped seal of the District Clerk's office even though the original document was never filed with the District Clerk. Relator explains that he had his legal assistant obtain certified copies of all of the exhibits included in the mandamus appendix and he had no reason to question the certification of the dismissal order. Once again, the explanation is not consistent with other information available to the Court.

The copy of the dismissal order provided in the appendix as Exhibit 1 bears the stamped seal of the El Paso County District Clerk's Office as if it is a certified copy, but it does not bear the District Clerk's certification that it is a true copy. In support of his motion for sanctions, Forbes has filed an affidavit from Irma Keith, Chief Deputy of the El Paso County District Clerk's Office, who avers that sometime in late August or early September of 2003, Teresa Lerma, who is Relator's wife and also acts as his legal assistant, attempted to file a copy of the August 13, 2001 dismissal order as an original. Keith informed Ms. Lerma that the Clerk's Office could only file original documents, but Ms. Lerma responded that Judge Chew had the original order in her chambers. Keith still refused to file the copy and Ms. Lerma left. Relator has filed an affidavit by Ms. Lerma who vigorously disputes Keith's version of these events.

Relator attached a copy of the dismissal order to his motion for new trial. That motion is included in the clerk's record in cause number 08–03–00510–CV. The copy of the dismissal order attached to that motion does not bear the District Clerk's stamp. Relator's mandamus appendix, however, includes a certified copy of the motion for new trial (Exhibit 22). Each page of Exhibit 22, including the dismissal order, bears the District Clerk's stamped seal and the final page bears the actual certification. A comparison of Exhibit 1 and the order included as part of Exhibit 22 reflects that Exhibit 1 is a copy of the

dismissal order attached to Exhibit 22.[9] Relator does not explain why he provided this Court with a separate copy of the dismissal order bearing the District Clerk's stamped seal as opposed to leaving it attached to the certified copy of the motion for new trial. Whether or not it was Relator's intention, it certainly gives the initial impression that the document is a valid court order when it is not.

Relator has engaged in a pattern of attempting to utilize the dismissal order for his own benefit in the face of repeated admonishments that the document is void. Thus, Relator's assertions that he mistakenly included the document fall flat. At the same time, we would be remiss in failing to note that the clerk's record in cause number 08-03-00310-CV does contain an agreed dismissal order dated January 11, 2002. We do not pass upon the merits of Relator's argument about the impact of that dismissal order on the trial court's rulings, but there was at least a factual basis for his belief that the underlying case had been dismissed. After we ordered Relator to respond to the motion for sanctions, he has filed a motion to withdraw the exhibit from the mandamus appendix.

Giving Relator the benefit of the doubt, the inclusion of Exhibit 1 may have been an inadvertent mistake but it indicates a serious lack of attention to detail and a failure to appreciate the importance of being accurate when appearing before this Court in any appeal or original proceeding. It is a decidedly close question, but we will exercise our discretion by declining to impose sanctions. Accordingly, the motion for sanctions is denied. Having denied mandamus relief, we deny as moot Relator's motion to withdraw the exhibit from the mandamus appendix.

ANDELL, J., sitting by assignment.

LARSEN and CHEW, JJ., not participating.

---

9. Both documents bear the same date, timestamp, and telephone number printed by the fax machine which received the document.