COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§

IN RE: JOHN O'QUINN and
CHARLES MUSSLEWHITE,          §          No. 08-09-00098-CV

§          AN ORIGINAL PROCEEDING
Relators.          §
IN MANDAMUS

§

§

**MEMORANDAUM OPINION**
**ON PETITION FOR WRIT OF MANDAMUS**

Relators, John O'Quinn and Charles Musslewhite, seek mandamus relief against the Honorable Linda Y. Chew, Judge of the 327th District Court of El Paso County, Texas. On April 7, 2009, we granted Relators motion for emergency relief and stayed proceedings in the trial court pending resolution of this mandamus proceeding.

To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate he has no adequate remedy by appeal. *Id.* at 136. Based on the record before us, we are unable to conclude that Relators are entitled to relief. The petition for writ of mandamus is denied.

The Real Parties in Interest, Walter L. Boyaki, Miranda & Boyaki, and Ruben P. Hernandez, have filed a motion to rescind the stay order and a motion for sanctions. We grant the first and deny the second. We note at the outset that all of the parties are licensed attorneys. Rule 52.11 permits an appellate court to impose sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:

(a) filing a petition that is clearly groundless;

(b) bringing the petition solely for delay of an underlying proceeding;

(c) grossly misstating or omitting an obviously important and material fact in the petition or response; or

(d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence of documents.

TEX.R.APP.P. 52.11.

We exercise the discretion afforded us by Rule 52.11 with caution and only after careful deliberation. *In re Lerma*, 144 S.W.3d 21, 26 (Tex.App.--El Paso 2004, orig. proceeding). The record before us reflects allegations of malfeasance by and against all parties. By virtue of our stay order, a sanctions hearing in the trial court set for April 8, 2009 did not occur. While we do not condone the behavior of the parties in this litigation, we believe the matter is better addressed by the trial court's resolution of the pending sanction issues. We deny the motion for appellate sanctions.

June 3, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.
Chew, C.J., not participating