Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS







IN RE: JOHN O'QUINN and

CHARLES MUSSLEWHITE,


 Relators.
§


 


§


 


§


 


§


 


§


 


 § 



 No. 08-09-00098-CV



 AN ORIGINAL PROCEEDING

 IN MANDAMUS






MEMORANDAUM OPINION


ON PETITION FOR WRIT OF MANDAMUS


 Relators, John O'Quinn and Charles Musslewhite, seek mandamus relief against the
Honorable Linda Y. Chew, Judge of the 327th District Court of El Paso County, Texas. On April 7,
2009, we granted Relators motion for emergency relief and stayed proceedings in the trial court
pending resolution of this mandamus proceeding. 

 To be entitled to mandamus relief, a relator must meet two requirements. First, the relator
must show that the trial court clearly abused its discretion. In re Prudential Insurance Company of
America, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate he has no
adequate remedy by appeal. Id. at 136. Based on the record before us, we are unable to conclude
that Relators are entitled to relief. The petition for writ of mandamus is denied. 


 The Real Parties in Interest, Walter L. Boyaki, Miranda & Boyaki, and Ruben P. Hernandez,
have filed a motion to rescind the stay order and a motion for sanctions. We grant the first and deny
the second. We note at the outset that all of the parties are licensed attorneys. Rule 52.11 permits
an appellate court to impose sanctions on a party or attorney who is not acting in good faith as
indicated by any of the following:

 (a) filing a petition that is clearly groundless;

 (b) bringing the petition solely for delay of an underlying proceeding;

 (c) grossly misstating or omitting an obviously important and material fact in the
petition or response; or


 (d) filing an appendix or record that is clearly misleading because of the omission
of obviously important and material evidence of documents.


Tex.R.App.P. 52.11.

 We exercise the discretion afforded us by Rule 52.11 with caution and only after careful
deliberation. In re Lerma, 144 S.W.3d 21, 26 (Tex.App.--El Paso 2004, orig. proceeding). The
record before us reflects allegations of malfeasance by and against all parties. By virtue of our stay
order, a sanctions hearing in the trial court set for April 8, 2009 did not occur. While we do not
condone the behavior of the parties in this litigation, we believe the matter is better addressed by the
trial court's resolution of the pending sanction issues. We deny the motion for appellate sanctions.



June 3, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Rivera, JJ.

Chew, C.J., not participating