NO. 07-09-0189-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 25, 2009

_____

IN RE J.W. RESOURCES EXPLORATION AND DEVELOPMENT, INC.,
JOE WATKINS, AND JIM BLANKENSHIP, RELATORS

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

By separate orders dated May 20, 2009, Real Party In Interest, Larry McKenney, was granted a motion to compel arbitration and stay proceedings in a suit filed by Relators, J.W. Resources Exploration and Development, Inc., Joe Watkins, and Jim Blankenship against McKenney for fraud. McKenney was also granted a motion to quash notice of his deposition. Relators seek a writ of mandamus against the Honorable John B. Board, presiding judge of the 181st District Court of Randall County, to compel him to "conduct a threshold inquiry whether the waiver of trial by jury embedded in the arbitration clause in the Letter of Agreement was induced by fraud." For the reasons expressed herein, we deny mandamus relief.

## Factual Background

On August 2, 2004, LVJ, Inc., a Florida corporation, and J.W. Resources Exploration & Development entered into a Letter of Agreement (hereinafter the "Agreement") with the goal of taking J.W. Resources from a closely held corporation to a publicly held corporation. According to the limited mandamus record before us, McKenney is a 50% shareholder and a director of LVJ, Inc., and he was the person Watkins and Blankenship primarily dealt with pertaining to the Agreement. The dispute alleged against McKenney clearly arises out of and pertains to the negotiations leading up to the execution of the Agreement and its subsequent performance. Paragraph X of the Agreement provides in relevant part:

> [t]he parties shall submit any dispute arising out of this Agreement, including the interpretation of or the enforcement of rights under this Agreement, to final and binding arbitration . . . . EACH PARTY HERETO WAIVES THE RIGHT TO A JURY TRIAL.

Per the Agreement, LVJ, Inc. would receive as compensation "an amount of shares equal to twenty percent (20%) of the outstanding shares of common stock."[1] The Agreement further provided that Relators would be responsible for expenses incurred for certain "hard costs" to be agreed to before expenditures. The Agreement is signed by Jonathan Bates, President of LVJ, Inc., and by Watkins and Blankenship for J.W. Resources.

---

[1] The record indicates one million shares of common stock were transferred.

2

After Relators were confronted by McKenney with "large expenses" for services they believed were included in the transfer of common stock, they filed suit against McKenney alleging fraud, specifically, misappropriation of funds. Relators also sought to take McKenney's deposition. McKenney, a Florida resident, filed, among other documents, a special appearance and a motion to compel arbitration based on the Agreement. He also filed a motion to quash the taking of his deposition. Both motions were granted by the trial court and the proceedings were stayed. This mandamus proceeding followed.

## I. Standard of Review

Mandamus is the proper means by which to seek review of an order compelling arbitration under the Federal Arbitration Act (FAA).[2] *See In re Poly-America, L.P.*, 262 S.W.3d 337, 345 (Tex. 2008). *See also In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2006) (per curiam). It is important for federal and state law to be as consistent as possible in enforcement and review of provisions under the FAA. *In re Palacios*, 221 S.W.3d at 565. Neither federal law nor Texas law provides for an interlocutory appeal of orders compelling arbitration and staying litigation. *See* 9 U.S.C. § 16(b)(1). *See also* Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a) (Vernon 2005).

---

[2]The Agreement involves interstate commerce. The FAA generally governs arbitration provisions in contracts involving interstate commerce. *In re Morgan Stanley & Co., Inc.*, No. 07-0665, 52 Tex. Sup. Ct. J. 1072, 2009 WL 1901635, at *1 (Tex. July 3, 2009) (citing 9 U.S.C. § 2).

3

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). The party seeking relief must satisfy two requirements: (1) a clear abuse of discretion and (2) the absence of an adequate remedy by appeal. *See In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004) (citing *Walker,* 827 S.W.2d at 839). In the context of orders compelling arbitration, mandamus is generally unavailable because the party seeking relief can rarely meet the second requirement, i.e., no adequate remedy by appeal. *In re Gulf Exploration*, *LLC*, No. 07-0055, 52 Tex. Sup. Ct. J. 612, 2009 WL 1028049, at *3 (Tex. April 17, 2009).

## A.      Abuse of Discretion

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt.*, *L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). The trial court has no discretion in determining what the law is or in applying the law to the facts. *Walker*, 827 S.W.2d at 840. Thus, a failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

### B. Adequate Remedy By Appeal

An appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ. *Walker*, 827 S.W.2d at 842. An appellate remedy is "adequate" so that mandamus relief is not available when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 136 (Tex. 2004). The determination of adequacy depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding. *Id.* When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *Id.* As previously mentioned, both the Federal Arbitration Act and the Texas Arbitration Act pointedly exclude immediate review of orders compelling arbitration. *In re Gulf Exploration*, *LLC*, 2009 WL 1028049, at *3. Thus, any balancing tilts strongly against mandamus review and toward reviewing orders compelling arbitration only on final appeal. *Id.* at *4.

## II. Arbitration

Arbitration of disputes is strongly favored under federal and state law. *Jack B. Anglin Co.*, *Inc. v. Tipps*, 842 S.W.2d 266, 268 (Tex. 1992). A party seeking to compel arbitration must (1) establish the existence of a valid arbitration agreement and (2) show that the claims asserted are within the scope of the agreement. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 605 (Tex. 2005) (per curiam). The trial court's determination of the

arbitration agreement's validity is a legal question subject to de novo review. *J.M. Davidson*, *Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Once the party seeking to compel arbitration proves that a valid arbitration agreement exists, a presumption attaches favoring arbitration and the burden shifts to the party resisting arbitration to establish a defense to enforcing arbitration. *In re AdvancePCS*, 172 S.W.3d at 607. If the movant satisfies his burden, the trial court must order the parties to arbitration and order a stay of the proceedings. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.021 (Vernon 2005).

Relators filed suit against McKenney alleging fraud. Specifically, they maintained they were fraudulently induced into entering into the Agreement by McKenney. That contention is also presented in Relators' petition for writ of mandamus. A claim of fraud in the inducement of a contract as a whole, as opposed to the arbitration clause specifically, is for an arbitrator, not a court, to decide. *In re Morgan Stanley & Co.*, No. 07-0665, 52 Tex. Sup. Ct. J. 1072, 2009 WL 1901635, at *2 (Tex. Jul. 3, 2009) (citing *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)).

The arbitration clause of the Agreement provides that "any dispute arising out of this Agreement" shall be submitted to final and binding arbitration. The clause is broad in nature evidencing the parties' intent to be inclusive rather than exclusive. *See Pepe Intern. Development Co. v. Pub Brewing Co.*, 915 S.W.2d 925, 930 (Tex.App.–Houston [1st Dist.] 1996, no writ). The Supreme Court has held that a claim of fraud in the inducement falls

6

within the scope of an agreement to arbitrate all disputes involving an underlying contract. *See In re Kaplan Higher Educ. Corp.*, 235 S.W.3d 206, 209 (Tex. 2007).

Relators acknowledge in their petition that the law favors arbitration. In an attempt to distinguish themselves from the general principles of law applicable to abritration, they question whether the written waiver of the right to trial by jury "embedded" in the Agreement into which they were induced by fraud is enforceable. They argue that precedent should be disregarded based on the importance of their constitutional right to a jury trial.

The right to a trial by jury shall remain inviolate. Tex. Const. art. V, §10. However, Texas law does not prohibit a party from contractually waiving its constitutional right to a trial by jury. *In re Prudential Ins. Co. of America*, 148 S.W.3d at 132-33. Contractual jury waivers do not violate public policy and are enforceable. *Id.* at 129-33. Parties frequently waive their right to a jury trial whether contractual or otherwise. *See generally In re Wells Fargo Bank Minnesota N.A.,* 115 S.W.3d 600, 606 (Tex.App.–Houston 14th Dist.] 2003, orig. proceeding) (agreeing to a bench trial [citations omitted], failing to timely pay a jury fee [citations omitted], failing to timely request a jury trial [citations omitted], failing to appear for trial [citations omitted], and failing to object to a bench trial despite a properly perfected jury request [citations omitted]). Texas allows parties to contractually waive the right to a jury trial by enforcing arbitration agreements. *Id.* at 607 (citing *Massey v. Galvan*, 822 S.W.2d 309, 318 (Tex.App.–Houston [14th Dist.] 1992, writ denied) ("[i]t is clear that

7

when a party agrees to have a dispute resolved through arbitration rather than a judicial proceeding, that party has waived its right to a jury trial.")

Additionally, the Supreme Court recently rejected treating a waiver of a jury trial differently than arbitration clauses. *See In re Bank of America, N.A.*, 278 S.W.3d 342, 343-44 (Tex. 2009) (per curiam). The Court clarified *In re Prudential Ins. Co. of America*, 148 S.W.3d 124 (Tex. 2004), and held that it does not impose a presumption against jury waivers that places the burden on the party seeking enforcement to prove that the waiver was executed knowingly and voluntarily. *In re Bank of America*, *N.A.*, 278 S.W.3d at 346.

A conspicuous jury waiver provision is prima facie evidence of a knowing and voluntary waiver and shifts the burden to the opposing party to rebut it. *In re General Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006) (per curiam). The Court has always presumed that a party who signs a contract knows its contents. *In re Bank One*, *N.A.*, 216 S.W.3d 825, 826 (Tex. 2007). As long as there is a conspicuous waiver provision, Relators are presumed to know what they were signing. "[P]arties strike the deal *they* choose to strike and, thus, voluntarily bind themselves in the manner *they* choose. And, that is why parties are bound by their agreement as written." *Cross Timbers Oil Co. v. Exxon Corp.*, 22 S.W.3d 24, 26 (Tex.App-Amarillo 2000, no pet.). The jury waiver provision included in the arbitration clause is in all capital letters and stands out from the language pertaining to arbitration. It is sufficiently conspicuous to serve as prima facie evidence that Relators,

8

Watkins and Blankenship, who both executed the Agreement, knowingly and voluntarily waived their right to a jury trial.

Relators allege fraud in the inducement of the entire Agreement and not solely in execution of the arbitration clause containing the jury waiver provision. Such a general allegation is insufficient to shift the burden to McKenney to produce a knowing and voluntary waiver. *In re Bank of America*, *N.A.*, 278 S.W.3d at 345-46. If a party could simply allege fraud on the entire transaction in order to nullify a jury waiver provision, there would hardly ever be a circumstance when waiver provisions could be enforceable. *Id.*

Statutes compel arbitration if an arbitration agreement exists. Tex. Civ. Prac. & Rem. Code Ann. § 171.021(a). More importantly, Texas law favors arbitration. *In re Poly-America*, *L.P.*, 262 S.W.3d at 348. The Court has determined, "[w]e see no reason why there should be a different rule for contractual jury waivers." *In re Bank of America*, *N.A.*, 278 S.W.3d at 346. Relators have failed to rebut prima facie evidence that they knowingly and voluntarily agreed to waive a jury trial. We disagree with their contention that the waiver provision of the right to a jury trial "embedded" in the arbitration clause is unenforceable.

## III. Order Quashing McKenney's Notice of Deposition

Relators assert the trial court abused its discretion in granting McKenney's motion to quash his notice of deposition. They assert a need for discovery to prove they were

9

fraudulently induced into entering into an Agreement with McKenney to take J.W. Resources public.

The Legislature has mandated that a motion to compel arbitration be decided summarily and in an expedient manner. *Jack B. Anglin Co., Inc.*, 842 S.W.2d at 269. A trial court has no discretion to defer ruling on the motion pending discovery. *In re Champion Technologies, Inc.*, 173 S.W.3d 595, 599 (Tex.App.–Eastland 2005, orig. proceeding). To do so would defeat the goal of resolving arbitration issues expeditiously. *Id.* We conclude the trial court did not abuse its discretion in granting McKenney's motion to quash his notice of deposition.

## IV.     McKenney's Request For Attorney's Fees

McKenney asserts that Relators' Petition for Writ of Mandamus is groundless and he should be reimbursed for attorney's fees incurred to defend the trial court's orders. He relies on Rule 52.11 of the Texas Rules of Appellate Procedure. However, the contention is not briefed.

This Court must exercise the discretion afforded by Rule 52.11 with caution and only after careful deliberation. *In re Lerma*, 144 S.W.3d 21, 26 (Tex.App.–El Paso 2004, orig. proceeding). The denial of mandamus relief does not automatically establish that a petition was so clearly groundless as to warrant sanctions. *Id.* In *Twist v. McAllen Nat. Bank*, 248 S.W.3d 351, 364-68 (Tex.App.–Corpus Christi 2007, mandamus denied and appeal

10

dism'd), the court held a show cause hearing and determined that sanctions were appropriate under Rule 52.11 in a case with a "long and arduous history." Counsel misstated the law to the court in Twist's petition. When confronted by the court, counsel backtracked and amended his petition to delete the misstatements. *Id.* at 366. The court also noted that Twist's petition failed to address or acknowledge controlling authority on a point directly contrary to Twist's argument. *Id.* at 367. Sanctions were also imposed due to the identical arguments having been raised in a previous mandamus which the court had denied. The court found that Twist's counsel knowingly and in bad faith filed a second petition for writ of mandamus. *Id.*

The circumstances presented in the mandamus proceeding before us do not rise to the level requiring imposition of sanctions. We decline to award McKenney fees under Rule 52.11.[3]

## Conclusion

Relators did not establish a defense to enforcement of arbitration. They did not allege fraud in the inducement of the arbitration provision sufficient to shift the burden to McKenney of proving a knowing and voluntary waiver of a jury trial. Thus, the trial court correctly applied the law and ordered the parties to arbitration and stayed the proceedings.

---

[3]Arbitration clauses are usually contractual. *In re Gulf Exploration*, *LLC*, No. 07-0055, 52 Tex. Sup. Ct. J. 612, 2009 WL 1028049, at *3 (Tex. Jan. 17, 2008). A party that prevails on a contractual claim can recover its fees and expenses, even if they were incurred in a collateral proceeding like arbitration. *Id.*

11

Relators have not established a clear abuse of discretion. Neither have they shown that a direct appeal following arbitration would be inadequate to address their contentions that the Letter of Agreement was induced by fraud. Resultantly, they have not demonstrated entitlement to mandamus relief.[4]

The Petition for Writ of Mandamus is denied.


Patrick A. Pirtle
Justice

---

[4]Relators also complain of the trial court's failure to conduct a bifurcated hearing to address the issue of fraudulent inducement as was presented in their Motion to Bifurcate Proceedings. They assert the lack of a hearing constitutes abuse of discretion and denial of due process guaranteed by the Fourteenth Amendment to the United States Constitution. However, the limited record before us does not contain an order ruling on the motion to bifurcate; the only orders before this Court are the order compelling arbitration and the order quashing notice of McKenney's deposition. Without a ruling on the motion to bifurcate, the contention is not preserved for our review. Tex. R. App. P. 33.1(a).