NO. 07-09-0189-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 25, 2009

______________________________


IN RE J.W. RESOURCES EXPLORATION AND DEVELOPMENT, INC.,
JOE WATKINS, AND JIM BLANKENSHIP, RELATORS
 
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          By separate orders dated May 20, 2009, Real Party In Interest, Larry McKenney,
was granted a motion to compel arbitration and stay proceedings in a suit filed by Relators,
J.W. Resources Exploration and Development, Inc., Joe Watkins, and Jim Blankenship
against McKenney for fraud. McKenney was also granted a motion to quash notice of his
deposition. Relators seek a writ of mandamus against the Honorable John B. Board,
presiding judge of the 181st District Court of Randall County, to compel him to “conduct
a threshold inquiry whether the waiver of trial by jury embedded in the arbitration clause
in the Letter of Agreement was induced by fraud.” For the reasons expressed herein, we
deny mandamus relief.
Factual Background
          On August 2, 2004, LVJ, Inc., a Florida corporation, and J.W. Resources
Exploration & Development entered into a Letter of Agreement (hereinafter the
“Agreement”) with the goal of taking J.W. Resources from a closely held corporation to a
publicly held corporation. According to the limited mandamus record before us, McKenney
is a 50% shareholder and a director of LVJ, Inc., and he was the person Watkins and
Blankenship primarily dealt with pertaining to the Agreement. The dispute alleged against
McKenney clearly arises out of and pertains to the negotiations leading up to the execution
of the Agreement and its subsequent performance. Paragraph X of the Agreement
provides in relevant part:
[t]he parties shall submit any dispute arising out of this Agreement, including
the interpretation of or the enforcement of rights under this Agreement, to
final and binding arbitration . . . . EACH PARTY HERETO WAIVES THE
RIGHT TO A JURY TRIAL.
 
Per the Agreement, LVJ, Inc. would receive as compensation “an amount of shares equal
to twenty percent (20%) of the outstanding shares of common stock.”


 The Agreement
further provided that Relators would be responsible for expenses incurred for certain “hard
costs” to be agreed to before expenditures. The Agreement is signed by Jonathan Bates,
President of LVJ, Inc., and by Watkins and Blankenship for J.W. Resources. 
          After Relators were confronted by McKenney with “large expenses” for services they
believed were included in the transfer of common stock, they filed suit against McKenney
alleging fraud, specifically, misappropriation of funds. Relators also sought to take
McKenney’s deposition. McKenney, a Florida resident, filed, among other documents, a
special appearance and a motion to compel arbitration based on the Agreement. He also
filed a motion to quash the taking of his deposition. Both motions were granted by the trial
court and the proceedings were stayed. This mandamus proceeding followed.
I.        Standard of Review 
          Mandamus is the proper means by which to seek review of an order compelling
arbitration under the Federal Arbitration Act (FAA).


 See In re Poly-America, L.P., 262
S.W.3d 337, 345 (Tex. 2008). See also In re Palacios, 221 S.W.3d 564, 565 (Tex. 2006)
(per curiam). It is important for federal and state law to be as consistent as possible in
enforcement and review of provisions under the FAA. In re Palacios, 221 S.W.3d at 565. 
Neither federal law nor Texas law provides for an interlocutory appeal of orders compelling
arbitration and staying litigation. See 9 U.S.C. § 16(b)(1). See also Tex. Civ. Prac. & Rem.
Code Ann. § 171.098(a) (Vernon 2005). 
          Mandamus is an extraordinary remedy available only in limited circumstances
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). The party seeking
relief must satisfy two requirements: (1) a clear abuse of discretion and (2) the absence
of an adequate remedy by appeal. See In re Prudential Ins. Co. of America, 148 S.W.3d
124, 135-36 (Tex. 2004) (citing Walker, 827 S.W.2d at 839). In the context of orders
compelling arbitration, mandamus is generally unavailable because the party seeking relief
can rarely meet the second requirement, i.e., no adequate remedy by appeal. In re Gulf
Exploration, LLC, No. 07-0055, 52 Tex. Sup. Ct. J. 612, 2009 WL 1028049, at *3 (Tex.
April 17, 2009).
          A.       Abuse of Discretion
          A trial court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to
correctly analyze or apply the law. In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379,
382 (Tex. 2005). The trial court has no discretion in determining what the law is or in
applying the law to the facts. Walker, 827 S.W.2d at 840. Thus, a failure by the trial court
to analyze or apply the law correctly will constitute an abuse of discretion. Id.

          B.       Adequate Remedy By Appeal
          An appellate remedy is not inadequate merely because it may involve more expense
or delay than obtaining an extraordinary writ. Walker, 827 S.W.2d at 842.   An appellate
remedy is “adequate” so that mandamus relief is not available when any benefits to
mandamus review are outweighed by the detriments. In re Prudential Ins. Co. of America,
148 S.W.3d 124, 136 (Tex. 2004). The determination of adequacy depends on a careful
balance of the case-specific benefits and detriments of delaying or interrupting a particular
proceeding. Id. When the benefits outweigh the detriments, appellate courts must
consider whether the appellate remedy is adequate. Id. As previously mentioned, both the
Federal Arbitration Act and the Texas Arbitration Act pointedly exclude immediate review
of orders compelling arbitration. In re Gulf Exploration, LLC, 2009 WL 1028049, at *3. 
Thus, any balancing tilts strongly against mandamus review and toward reviewing orders
compelling arbitration only on final appeal. Id. at *4. 
II.       Arbitration
          Arbitration of disputes is strongly favored under federal and state law. Jack B.
Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 268 (Tex. 1992). A party seeking to compel
arbitration must (1) establish the existence of a valid arbitration agreement and (2) show
that the claims asserted are within the scope of the agreement. In re AdvancePCS Health
L.P., 172 S.W.3d 603, 605 (Tex. 2005) (per curiam). The trial court’s determination of the
arbitration agreement’s validity is a legal question subject to de novo review. J.M.
Davidson, Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003). Once the party seeking to
compel arbitration proves that a valid arbitration agreement exists, a presumption attaches
favoring arbitration and the burden shifts to the party resisting arbitration to establish a
defense to enforcing arbitration. In re AdvancePCS, 172 S.W.3d at 607. If the movant
satisfies his burden, the trial court must order the parties to arbitration and order a stay of
the proceedings. See Tex. Civ. Prac. & Rem. Code Ann. § 171.021 (Vernon 2005). 
          Relators filed suit against McKenney alleging fraud. Specifically, they maintained
they were fraudulently induced into entering into the Agreement by McKenney. That
contention is also presented in Relators’ petition for writ of mandamus. A claim of fraud
in the inducement of a contract as a whole, as opposed to the arbitration clause
specifically, is for an arbitrator, not a court, to decide. In re Morgan Stanley & Co., No. 07-0665, 52 Tex. Sup. Ct. J. 1072, 2009 WL 1901635, at *2 (Tex. Jul. 3, 2009) (citing Prima
Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 404, 87 S.Ct. 1801, 18
L.Ed.2d 1270 (1967)). 
          The arbitration clause of the Agreement provides that “any dispute arising out of this
Agreement” shall be submitted to final and binding arbitration. The clause is broad in
nature evidencing the parties’ intent to be inclusive rather than exclusive. See Pepe Intern.
Development Co. v. Pub Brewing Co., 915 S.W.2d 925, 930 (Tex.App.–Houston [1st Dist.]
1996, no writ). The Supreme Court has held that a claim of fraud in the inducement falls
within the scope of an agreement to arbitrate all disputes involving an underlying contract. 
See In re Kaplan Higher Educ. Corp., 235 S.W.3d 206, 209 (Tex. 2007).
          Relators acknowledge in their petition that the law favors arbitration. In an attempt
to distinguish themselves from the general principles of law applicable to abritration, they
question whether the written waiver of the right to trial by jury “embedded” in the
Agreement into which they were induced by fraud is enforceable. They argue that
precedent should be disregarded based on the importance of their constitutional right to
a jury trial.
           The right to a trial by jury shall remain inviolate. Tex. Const. art. V, §10. However,
Texas law does not prohibit a party from contractually waiving its constitutional right to a
trial by jury. In re Prudential Ins. Co. of America, 148 S.W.3d at 132-33. Contractual jury
waivers do not violate public policy and are enforceable. Id. at 129-33. Parties frequently
waive their right to a jury trial whether contractual or otherwise. See generally In re Wells
Fargo Bank Minnesota N.A., 115 S.W.3d 600, 606 (Tex.App.–Houston 14th Dist.] 2003,
orig. proceeding) (agreeing to a bench trial [citations omitted], failing to timely pay a jury
fee [citations omitted], failing to timely request a jury trial [citations omitted], failing to
appear for trial [citations omitted], and failing to object to a bench trial despite a properly
perfected jury request [citations omitted]). Texas allows parties to contractually waive the
right to a jury trial by enforcing arbitration agreements. Id. at 607 (citing Massey v. Galvan,
822 S.W.2d 309, 318 (Tex.App.–Houston [14th Dist.] 1992, writ denied) (“[i]t is clear that
when a party agrees to have a dispute resolved through arbitration rather than a judicial
proceeding, that party has waived its right to a jury trial.”) 
          Additionally, the Supreme Court recently rejected treating a waiver of a jury trial
differently than arbitration clauses. See In re Bank of America, N.A., 278 S.W.3d 342, 343-44 (Tex. 2009) (per curiam). The Court clarified In re Prudential Ins. Co. of America, 148
S.W.3d 124 (Tex. 2004), and held that it does not impose a presumption against jury
waivers that places the burden on the party seeking enforcement to prove that the waiver
was executed knowingly and voluntarily. In re Bank of America, N.A., 278 S.W.3d at 346. 
          A conspicuous jury waiver provision is prima facie evidence of a knowing and
voluntary waiver and shifts the burden to the opposing party to rebut it. In re General Elec.
Capital Corp., 203 S.W.3d 314, 316 (Tex. 2006) (per curiam). The Court has always
presumed that a party who signs a contract knows its contents. In re Bank One, N.A., 216
S.W.3d 825, 826 (Tex. 2007). As long as there is a conspicuous waiver provision, Relators
are presumed to know what they were signing. “[P]arties strike the deal they choose to
strike and, thus, voluntarily bind themselves in the manner they choose. And, that is why
parties are bound by their agreement as written.” Cross Timbers Oil Co. v. Exxon Corp.,
22 S.W.3d 24, 26 (Tex.App-Amarillo 2000, no pet.). The jury waiver provision included in
the arbitration clause is in all capital letters and stands out from the language pertaining
to arbitration. It is sufficiently conspicuous to serve as prima facie evidence that Relators,
Watkins and Blankenship, who both executed the Agreement, knowingly and voluntarily
waived their right to a jury trial. 
          Relators allege fraud in the inducement of the entire Agreement and not solely in
execution of the arbitration clause containing the jury waiver provision. Such a general
allegation is insufficient to shift the burden to McKenney to produce a knowing and
voluntary waiver. In re Bank of America, N.A., 278 S.W.3d at 345-46. If a party could
simply allege fraud on the entire transaction in order to nullify a jury waiver provision, there
would hardly ever be a circumstance when waiver provisions could be enforceable. Id.
          Statutes compel arbitration if an arbitration agreement exists. Tex. Civ. Prac. &
Rem. Code Ann. § 171.021(a). More importantly, Texas law favors arbitration. In re Poly-America, L.P., 262 S.W.3d at 348. The Court has determined, “[w]e see no reason why
there should be a different rule for contractual jury waivers.” In re Bank of America, N.A.,
278 S.W.3d at 346. Relators have failed to rebut prima facie evidence that they knowingly
and voluntarily agreed to waive a jury trial. We disagree with their contention that the
waiver provision of the right to a jury trial “embedded” in the arbitration clause is
unenforceable. 
III.      Order Quashing McKenney’s Notice of Deposition
          Relators assert the trial court abused its discretion in granting McKenney’s motion
to quash his notice of deposition. They assert a need for discovery to prove they were
fraudulently induced into entering into an Agreement with McKenney to take J.W.
Resources public.
          The Legislature has mandated that a motion to compel arbitration be decided
summarily and in an expedient manner. Jack B. Anglin Co., Inc., 842 S.W.2d at 269. A
trial court has no discretion to defer ruling on the motion pending discovery. In re
Champion Technologies, Inc., 173 S.W.3d 595, 599 (Tex.App.–Eastland 2005, orig.
proceeding). To do so would defeat the goal of resolving arbitration issues expeditiously. 
Id. We conclude the trial court did not abuse its discretion in granting McKenney’s motion
to quash his notice of deposition.                  
IV.      McKenney’s Request For Attorney’s Fees
          McKenney asserts that Relators’ Petition for Writ of Mandamus is groundless and 
he should be reimbursed for attorney’s fees incurred to defend the trial court’s orders. He
relies on Rule 52.11 of the Texas Rules of Appellate Procedure. However, the contention
is not briefed. 
          This Court must exercise the discretion afforded by Rule 52.11 with caution and only
after careful deliberation. In re Lerma, 144 S.W.3d 21, 26 (Tex.App.–El Paso 2004, orig.
proceeding). The denial of mandamus relief does not automatically establish that a petition
was so clearly groundless as to warrant sanctions. Id. In Twist v. McAllen Nat. Bank, 248
S.W.3d 351, 364-68 (Tex.App.–Corpus Christi 2007, mandamus denied and appeal
dism’d), the court held a show cause hearing and determined that sanctions were
appropriate under Rule 52.11 in a case with a “long and arduous history.” Counsel
misstated the law to the court in Twist’s petition. When confronted by the court, counsel
backtracked and amended his petition to delete the misstatements. Id. at 366. The court
also noted that Twist’s petition failed to address or acknowledge controlling authority on
a point directly contrary to Twist’s argument. Id. at 367. Sanctions were also imposed due
to the identical arguments having been raised in a previous mandamus which the court had
denied. The court found that Twist’s counsel knowingly and in bad faith filed a second
petition for writ of mandamus. Id. 
          The circumstances presented in the mandamus proceeding before us do not rise
to the level requiring imposition of sanctions. We decline to award McKenney fees under
Rule 52.11.



Conclusion
          Relators did not establish a defense to enforcement of arbitration. They did not
allege fraud in the inducement of the arbitration provision sufficient to shift the burden to
McKenney of proving a knowing and voluntary waiver of a jury trial. Thus, the trial court
correctly applied the law and ordered the parties to arbitration and stayed the proceedings. 
Relators have not established a clear abuse of discretion. Neither have they shown that
a direct appeal following arbitration would be inadequate to address their contentions that
the Letter of Agreement was induced by fraud. Resultantly, they have not demonstrated
entitlement to mandamus relief.


 
          The Petition for Writ of Mandamus is denied.




                                                                           Patrick A. Pirtle

                                                                                 Justice