

## NUMBER 13-16-00304-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE RANDALL BOLIVAR

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion Per Curiam[1]

Relator Randall Bolivar, proceeding pro se, filed a petition for writ of mandamus in the above cause on June 6, 2016. April 29, 2011. Relator contends that his conviction for murder is void because the trial court was disqualified to proceed over his case.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*v. Sixth Judicial Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.– Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator has raised the same issue presented in this original proceeding in a separate appeal currently pending in this Court in our cause number 13-14-00157-CR. Thus, relator has an adequate remedy by appeal. *See In re Lerma*, 144 S.W.3d 21, 25 (Tex. App.—El Paso 2004, orig. proceeding); *see also In re Durham*, No. 09-11-00579-CR, 2011 WL 5389878, at *1 (Tex. App.—Beaumont Nov. 9, 2011, orig. proceeding) (mem. op. per curiam, not designated for publication). Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of June, 2016.