**DENY and Opinion filed July 14, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00030-CV

**IN RE MELISSA LARSEN,THE CARDIO GROUP, LLC, LARSEN MEDICAL, LLC D/B/A CARDIOVASCULAR DEVICES SERVICES, LLC, PRACTICE FREEDOM COACHING LLC, CARDIOLOGY INSTITUTE OF AMERICA LLC, TRACTION INTEGRATED SYSTEMS, LLC AND CARDIOCLOUD, LLC, Relators**

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. DC-18-05693, DC-21-04344**

### MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

Before the Court are relators' petition for writ of mandamus and real party in interest AC Square's request for sanctions. The petition challenges three December 20, 2021 orders compelling relators to respond to requests for production and to produce documents to AC Square.

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that they lack an adequate appellate remedy. *In re*

*Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (citing *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)).

Based on our review of relators' petition and mandamus record, AC Square's response and supplemental record, and relators' reply, we conclude relators have failed to demonstrate that the trial court clearly abused its discretion. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

We also lift the stay issued by this Court's January 11, 2022 order, staying enforcement of the trial court's challenged December 20, 2021 orders.

In its response to relator's petition, AC Square requests that relators be sanctioned pursuant to Texas Rule of Appellate Procedure 52.11, which provides:

> On motion of any party or on its own initiative, the court may— after notice and a reasonable opportunity to respond—impose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:
>
> (a) filing a petition that is clearly groundless;
>
> (b) bringing the petition solely for delay of an underlying proceeding;
>
> (c) grossly misstating or omitting an obviously important and material fact in the petition or response; or
>
> (d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

TEX. R. APP. P. 52.11.

AC Square alleges that relators' petition and supporting appendix contain several misstatements and omissions of obviously important and material facts and documents, that relators' have filed numerous groundless petitions, and that the petition in this case was filed for the sole purpose of delay. Relators responded.

We are mindful that we must "exercise the discretion afforded us by Rule 52.11 with caution and only after careful deliberation." *See In re Lerma*, 144 S.W.3d 21, 26 (Tex. App.—El Paso 2004, orig. proceeding).

We find that relators' petition did include statements unsupported or contradicted by its appendix and that they did omit relevant facts and documents from the petition and appendix. Further, we find that judgment debtor relators' failure to make any payment towards the judgment and relators' failure to produce any responsive documents as of the time the petition was filed, as well as the timeline and objections regarding AC Square's pursuit of document production indicative of intent to delay the underlying proceedings and recovery of the judgment by AC Square.

While we find relators' actions concerning and caution relators against such continued conduct, we decline to impose sanctions in this case.

/David J. Schenck/

DAVID J. SCHENCK
220030F.P05                                JUSTICE